2:18–cv–07011 JFB-GRB

# United States District Court

## Eastern District of New York

**JOHN LEPPER AND NOELLE LEPPER,** individually and as parents and natural guardians of their infant children, **B.J.L. and B.I.**,

*Plaintiffs*

*–against–*

**VILLAGE OF BABYLON;** and, **RALPH SCORDINO**, Mayor, **KEVIN MULDOWNEY**, Deputy Mayor, **ROBYN SILVESTRI**, Village Trustee, **TONY DAVIDA**, Village Trustee, **MARY ADAMS**, Village Trustee; **STEPHEN FELLMAN**, Village of Babylon Building Inspector; **SUZANNE SCHETTINO**, Department of Public Works; **GERARD GLASS**, Esq., Village of Babylon Attorney; **DEBORAH LONGO**, Planning Board, Village of Babylon, each individually and in their official capacity, and John and/or Jane Doe, unnamed, unidentified complainants,

*Defendants*

# AMENDED VERIFIED COMPLAINT

## CORY H. MORRIS
### LAW OFFICES OF CORY H. MORRIS
*Attorney for Plaintiffs*
### VICTOR JOHN YANNACONE, JR., *of counsel*

i

# TABLE OF CONTENTS

Plaintiffs demand a trial by Jury ........................................................ 1

Preliminary Statement ..................................................................... 1

Introduction ..................................................................................... 1

I.   Jurisdiction and Venue ............................................................ 2

II.  Administrative proceedings and timeliness ............................ 2

III. Parties ....................................................................................... 3

IV.  The Facts .................................................................................. 5

V.   Actions of Defendants complained of by Plaintiffs ............... 24

VI.  The basis for equitable relief .................................................. 25

VII.  First cause of action for injunctive relief .............................. 26

VIII.  Defendants use of legal process, fines and prosecution is designed to silence Mr. Lepper and violates the First Amendment rights of the Lepper family ......................... 27

IX.  Village of Babylon Code § 325–26 forecloses age-appropriate private rights of assembly and association on arbitrary grounds and are therefore technically capricious as well and certainly underinclusive. ................................................................. 30

X.   Plaintiffs' rights are being violated by the threat of continued fines ........ 31

XI.  Prosecution of the Lepper family by the Defendants for alleged violations of Village of Babylon Code Section 365–26 is an unconstitutional taking of their property .................................. 32

XII.  Plaintiffs seek a judgment declaring that they are entitled to trial by jury on charges of violating Village of Babylon Code Section 365–26 ...................................................................... 33

XIII.  Eighth Amendment and excessive fines .............................. 34

XIV.  42 U.S.C. §1983: "Monell" claim ......................................... 36

XV. State Law Claims .................................................................... 37

ii

XVI.   Negligence........................................................................................38

XVII.   Abuse of process.............................................................................38

XVIII.   Negligent and/or intentional infliction of emotional distress...........39

XIX.   Defamation .....................................................................................40

XX. Prima facie tort ................................................................................40

XXI.   Injuries and Damages .....................................................................40

Prayer for relief .......................................................................................41

Parents' Verifications...............................................................................43

**PLAINTIFFS DEMAND A TRIAL BY JURY**

### PRELIMINARY STATEMENT

This is a civil action seeking a declaratory judgment and equitable relief against, and compensatory, general, and punitive damages, costs, disbursements, and attorneys' fees from, the Defendants for violating Plaintiffs' civil, constitutional, and human rights, under the Fourth, Fifth and Fourteenth Amendment to the United States Constitution and New York State Law; and to recover compensatory, general, and punitive damages, costs, disbursements, and attorneys' fees from the Defendants for their negligence, abuse of process, negligent and/or intentional infliction of emotional distress, and prima facie tort.

### INTRODUCTION

1. Plaintiffs, John Lepper and Noelle Lepper, individually and as the parents and guardians of their infant son, B.J.L., and daughter, B.L., collectively referred to herein as the "Lepper family," allege that Defendants, jointly and severally, individually and collectively, intentionally, knowingly, wantonly, negligently, and/or recklessly, sought to and did wrongfully deprive the Lepper family of their civil, constitutional, and human rights by committing acts under color of law which depriving the Lepper family of their civil, constitutional, and human rights.

2. Plaintiffs, John Lepper and Noelle Lepper, individually and as the parents and guardians of their infant son, B.J.L., and daughter, B.L., collectively referred to herein as the "Lepper family," allege that Defendant Village of Babylon was negligent in training, hiring and supervising its Building Inspector, Defendant Stephen Fellman and was deliberately indifferent to the need to train its Building Inspectors.

3. Plaintiffs, John Lepper and Noelle Lepper, individually and as the parents and guardians of their infant son, B.J.L., and

daughter, B.L., collectively referred to herein as the "Lepper family," allege that Defendant Village of Babylon is liable to the Plaintiffs for abuse of process, malicious prosecution, and for conspiring to condone and encourage such civil rights violations and for conspiring to violate Plaintiffs' Civil Rights.

## I.   JURISDICTION AND VENUE

4.   The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

5.   This honorable Court is requested to exercise supplemental jurisdiction with respect to Plaintiffs' State Law claims pursuant to 28 U.S.C. §1367.

6.   This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 42 U.S.C. § 2000d.

7.   This action is also brought pursuant to the Declaratory Judgment Act, under 28 U.S.C. §§ 2201–2202, to address the specific and anticipated harm Plaintiffs and all other similarly situated residents within the Village of Babylon face.

8.   Declaratory relief is necessary whether or not Defendant Village of Babylon discontinues prosecution so long as the threat of prosecution for violation of Village of Babylon Code Section 365–26 continues to exist.

9.   Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in Suffolk County, New York.

## II.   ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

10.   This action has been commenced within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986.

11. There are no effective New York state or federal administrative remedies available to the Lepper family.

12. Plaintiffs have exhausted any potentially effective administrative remedies.

13. On or about December 7, 2018, Plaintiffs filed a Notice of Claim against the Village of Babylon.

14. Plaintiffs avail themselves of the General Municipal Law Section 50-H for the purpose of an examination.

### III.   PARTIES

15. Plaintiff, JOHN LEPPER is a citizen of the United States, an honorably discharged United States Marine presently employed as a member of the Fire Department of the City of New York and resides at 59 Cockenoe Avenue, in the Incorporated Village of Babylon, Suffolk County, New York.

16. Plaintiff, NOELLE LEPPER is a citizen of the United States, and resides at 59 Cockenoe Avenue, in the Incorporated Village of Babylon, Suffolk County, New York.

17. John Lepper and Noelle Lepper his wife are the lawful owners of 59 Cockenoe Avenue, a corner lot of 7,575 square feet (0.1739 acres) with 50.50 feet frontage along Cockenoe Avenue, a 50 foot public roadway, and 150 feet frontage along Wampum Road, a 33 foot public roadway. in the Incorporated Village of Babylon, in the Town of Babylon, Suffolk County, New York and identified on the Suffolk County Tax Map as parcel 0102–004.00–01.00–100.00. The property appears in its present configuration as Lots 19B & 19C in Block F as shown on Map of Sampwam Park–Annex filed on October 31, 1921 as Map No: 758 in the Incorporated Village of Babylon, Town of Babylon, Suffolk County, New York (hereinafter referred to as the "Subject Property").

18. Infant B.J.L. is a six-year-old minor born of the union of John Lepper and Noelle Lepper.

19. Infant B.L. is a five-year-old minor born of the union of John Lepper and Noelle Lepper.

20. Collectively, John Lepper and Noelle Lepper his wife, Infant B.L. and Infant B.J.L. are referred to herein as "Plaintiff" or "Plaintiffs."

21. At all times relevant in this Complaint, and upon information and belief, DEFENDANT VILLAGE OF BABYLON is a recipient of federal funds and was a recipient of federal funding at the time of the events complained of herein.

22. Defendant Village of Babylon is an incorporated Village located within the Town of Babylon in Suffolk County, New York.

23. Defendant Village of Babylon is governed by an elected Mayor and four elected Trustees, collectively the Babylon Village Board.

24. According to information posted on the Village of Babylon website at http://www.villageofbabylonny.gov/ Defendant Ralph Scordino, is the Mayor, Defendant Kevin Muldowney, is the Deputy Mayor, and Defendants Robyn Silvestri, Tony Davida, and Mary Adams, are Village Trustees.

25. Defendant Village of Babylon, Ralph Scordino, Mayor, Kevin Muldowney, Deputy Mayor, Robyn Silvestri, Village Trustee, Tony Davida, Village Trustee, Mary Adams, Village Trustee; collectively the Babylon Village Board, STEPHEN FELLMAN, Defendant **SUZANNE SCHETTINO**, Defendant **GERARD GLASS**, Esq. and Defendant **DEBORAH LONGO** are referred to collectively as "Defendants" or "Defendant."

26. Upon information and belief, Defendant Stephen FELLMAN is the Village of Babylon Building Inspector; Defendant **SUZANNE SCHETTINO**, directs the Department of Public Works; Defendant **GERARD GLASS**, Esq. is the Village of Babylon Attorney; and Defendant **DEBORAH LONGO**, is

involved in administration of the Village of Babylon Planning Board.

27. All of the individual named Defendants are being sued in both their individual and official capacities.

## IV.   THE FACTS

28. In April 2018, when he was playing with his children, Plaintiff, John Lepper, found a syringe, a hypodermic needle which he reasonably presumed to be utilized in illegal drug use, in his front yard. He informed his neighbors immediately and was outspoken in trying to find a remedy to shield his children from potential disease and harm caused by used hypodermic needles.

29. The following is a true and accurate aerial view of the Lepper property and its surrounding neighborhood identifying the location where the hypodermic needle was found.



30. On or about May 3, 2018, after conferring with Plaintiff Noelle Lepper, Plaintiff John Lepper began to utilize timbers from an old boat house that was destroyed in Superstorm Sandy to create a treehouse to insulate his children from potential contact with the hypodermic needles he found in and around his property at 59 Cockenoe Avenue within the Village of Babylon.

31. The following Lepper family neighbors can see the treehouse from their property: Joe and Joanne Mineo and their sons M.M. and N.M.; Pay and Keirsten Murphy and their daughter G.; Kevin and Lyndsey Cunningham and their children A. and S.; Joe and Katelyn and their two pre-school-age children all of whom live on Cockonoe Ave; and Mike And Josephine Domingo and their three college-age daughters, Anna, Giovanna and Lucia who live on Wampum Road, Village of Babylon, Suffolk County New York.

32. By letter dated May 10, 2018, Village of Babylon Building Inspector Stephen Fellman informed Mr. Lepper that "It has come to my attention that you are building a structure, in the rear/front yard of the above referenced premises, that may require a building permit."

33. Village of Babylon Code Section 365–26, section A, states: "No building shall hereafter be erected and no existing building shall be structurally altered or added to on any lot, plot or premises and no excavation or work of any nature shall commence in connection therewith, nor shall any use of an existing building be changed until a permit authorizing the same shall have been issued by the Building Inspector. The Building Inspector shall require that the application for a permit and the accompanying plot plan, plans and specifications shall contain all information necessary to enable him to determine whether the proposed building addition or structural alterations or change of use to an existing building

comply with the provisions of this chapter and Chapter 171, Flood Damage Prevention, where applicable."

34. Village of Babylon Code Section 365-26, section C, subsection (3) states "A building permit shall be required when an outdoor playground or gym (or any combination) exceeds a lot area of 90 square feet."

35. In response to the May 10, 2018 letter from Defendant Fellman, Plaintiffs stopped work on the treehouse for their children.

36. Upon information and belief, Defendant elected officials, Ralph Scordino, Mayor, Kevin Muldowney, Deputy Mayor, Robyn Silvestri, Village Trustee, Tony Davida, Village Trustee and Mary Adams, Village Trustee are jointly and severally, individually and collectively, responsible for allowing such notice to be sent to Plaintiffs.

37. According to statements made by Defendant Gerald Glass in open Court on December 10, 2018, Defendant elected officials Ralph Scordino, Mayor, Kevin Muldowney, Deputy Mayor, Robyn Silvestri, Village Trustee, Tony Davida, Village Trustee, Mary Adams, Village Trustee, sought to enjoin Plaintiffs use of their property in exchange for monies to which Defendants, jointly and severally, individually and collectively, by and on behalf of the Village of Babylon sought to take from the Plaintiffs as homeowners by improper attempts to enforce Village of Babylon Code Section 365–26.

38. On or about May 21st, 2018, Plaintiff John Lepper visited the Building Department office of Defendant Village of Babylon; completed a building permit application and submitted a front elevation/framing drawing with a copy of a recent survey of the Lepper Family Homestead.

39. The following is a true and correct copy of the survey of the Lepper property indicating the location of the children's treehouse.

01/23/2013 08:38 FAX



OWNERS:

JOHN LEPPER & NOELLE LEPPER
FIDELITY NATIONAL TITLE INSURANCE
COMPANY OF NEW YORK
FRANKLIN FIRST FINANCIAL

SURVEY OF LOTS 19B & 19C,
IN BLOCK F, AS SHOWN ON MAP OF
SAMPAWAM PARK-ANNEX
FILED: OCTOBER 31, 1921 - MAP No: 758
IN THE INCORPORATED VILLAGE OF BABYLON,
TOWN OF BABYLON,
SUFFOLK COUNTY, NEW YORK
SCTM: 0102-004.00-01.00-100.000

SCALE: 1"=20'
DRAWN BY: R.K.H.
FILE No.: Q088-12
DATE: MARCH 16, 2012

AREA: 7,575.00 Sq.Ft.
0.1739 ACRES
ELEVATIONS ASSUMED DATUM

LISA McQUILKIN
LAND SURVEYING

274 EAST MAIN STREET
EAST ISLIP, N.Y. 11730
TEL: 631-277-3605
FAX: 631-277-3906

59 COCKENOE AVENUE, BABYLON

40. Upon information and belief, Defendants jointly and severally, individually and collectively, failed to act upon or even acknowledge Plaintiffs' efforts to comply with the Village of Babylon Code.

41. Defendants, jointly and severally, individually and collectively, knew and/or had reason to know that the Plaintiff Lepper parents sought to use their real-property in a manner that would contribute to and benefit the education and personal growth of their infant children.

42. Defendants, jointly and severally, individually and collectively, never intended to act upon Plaintiffs' building permit application.

43. The unidentified Building Department employee, "Jane Doe", to whom Plaintiff John Lepper submitted the application commented that she usually did not receive such a detailed drawing from homeowners.

44. On or about May 21, 2018, while at the Village of Babylon Building Department office, John Lepper spoke with another employee of Defendant Village of Babylon, Holly Zappala, and told her that he had found a used hypodermic needle on his property, and other used hypodermic needles were being found in the immediate neighborhood of his property and that he had concerns for the well-being of his family.

45. Ms. Zappala told Plaintiff John Lepper that Defendant Village of Babylon was aware of drug-related crimes and the presence of hypodermic instruments prior to April 2018 and that she and the Village of Babylon administration may be aware of criminal activity occurring on the subject premises and toward the Lepper Family.

46. Plaintiff John Lepper, confident he was protecting his family and speaking out toward remedying the crime occurring on his property and the scourge of drugs in his community, spoke to and informed everyone present in the building department on

May 21, 2018 that it was his intention to build the treehouse for his son's birthday on July 7th, 2018 to allow his son the liberty and free use of the subject premises while maintaining a safe distance from the criminal activity in the neighborhood and the larger criminal narcotic problem known to the Village of Babylon.

47. Defendants, jointly and severally, individually and collectively, apparently intended to take advantage of the voluntary, but not legally required, application filed by John Lepper for a permit to construct a tree house for his children as a vehicle to charge Plaintiffs with violations of Village of Babylon Code Section 365–26 and collect fines from Plaintiffs by simply refusing to consider and act upon the application by Plaintiff, John Lepper.

48. On June 15, 2018, Plaintiff John Lepper called the Village of Babylon Building Department to check on the status of his application and was told by an unidentified employee, Jane Doe, that no determination had been made. At this point no one representing the Village of Babylon had mentioned anything about constructing the proposed treehouse being a violation of Village of Babylon Code Section 365–26.

49. Plaintiff John Lepper immediately ceased construction and assembly of the partially fabricated treehouse as soon as he was ordered to do so by Building Inspector Fellman.

50. Determined to either delay construction of an innocuous and code-compliant treehouse solely for the benefit of minor children, or harass and intimidate the Lepper family by destroying their infant son's eagerly anticipated birthday present, the Defendants, jointly and severally, individually and collectively, refused to issue the appropriate building permit.

51. Therefore, within hours of their son's birthday, Plaintiffs John and Noelle Lepper completed the treehouse to safe-guard their children from what Defendants, jointly and severally,

individually and collectively, knew or should have known was the scourge of drug abuse and the criminal activity known to be occurring in the Lepper neighborhood and already visited upon the Lepper property.

52. On July 19, 2018, Plaintiffs, received by certified mail three accusatory instruments dated July 11th,12th & 13th each of which stated Mr. Lepper was in violation of Village of Babylon Code § 365–26 for construction of a treehouse without a permit.

53. In response, on July 19, 2018, Plaintiff John Lepper immediately visited the Village of Babylon Building Department to inquire about the three summons he had received. He was told that he needed to make an appointment with Building Inspector Fellman and a meeting was scheduled for July 24, 2018.

54. Plaintiff John Lepper met with Defendant Building Inspector Fellman on July 24, 2018 and asked Defendant Building Inspector Fellman about each essentially identical citation which merely concluded that a "treehouse" violated Village of Babylon Code § 365–26. In response, Defendant Building Inspector Fellman stated that Mr. Lepper owed $250 for the first accusatory instrument, $500 for the second accusatory instrument and $1,000 for the third accusatory instrument.

55. Defendants, jointly and severally, individually and collectively, engaged in this course of conduct to raise revenue and receive monies to which Defendant Village of Babylon would not otherwise be entitled.

56. Plaintiff John Lepper protested to Defendant Building Inspector Fellman that not only were such fines unwarranted and excessive but that no prior notice of any violation had been provided to the Lepper family. In response, Defendant Building Inspector Fellman told Mr. Lepper to resolve the matter in Court on August 14, 2018.

57.  Upon information and belief, Defendant Village of Babylon is more concerned with punishing taxpaying residents and extorting unconscionable fines from them for questionable violations of obscure and arcane, vague and ambiguous ordinances extracting fees and fines out of law abiding resident property owners, than providing municipal services such as promptly processing an application for a building permit.

58.  Among the parents and children who visited the Treehouse prior to August 14 hearing were: Joe and Joanne Mineo and their sons, M.M. age 14 and N.M. age 16;, Pat and Kirsten Murphy and their daughter G.M., age 7; Terri McSweeney and Cindy McSweeney with E.M., age 7 and P.M., age 5; Steve Kazda and Amanda Kazda and their sons, J.K., age 6 and J.K. age 4; Mike Columbia and Christina Columbia and their daughters, C.C., age 6 and C.C., age 4; Mike Pagamo and Doreen Pagamo and M.P., age 8 and M.P., age 6; Charlie Lepper and Deena Lepper and their children, J.L., age 14; J.L., age 10, and C.L., age 8; George Samuel Kravis age 93, a WWII veteran and Barbra Kravis who is over 65 years of age who lived on the block for over sixty years.

59.  Plaintiff John Lepper who is a New York City firefighter sought an adjournment of the hearing from the afternoon session of the Court to the evening session in order for him to attend a memorial service for a brother firefighter who had died of illnesses from service at the 9/11 scene. Village Judge John T. Rafter denied the request and Firefighter Lepper was forced to leave the Memorial service before it was completed, arriving in Court at precisely 1400 hours still in his Class A uniform.

60.  Village Judge John T. Rafter and Defendant Gerard Glass, the Babylon Village attorney acting as the prosecutor both knew that Mr. Lepper was unrepresented by counsel, and that he was facing fines which might amount to $1,750 together with

court costs and the possibility of continued and continuing prosecution, yet at no time did Village Judge Rafter or Village Attorney Glass ever warn the Defendant or advise him not only of his right to counsel, but because of the questionable nature of the charges and the circumstances of the prosecution the real need to consult an attorney before proceeding any further in his own defense.

61. Upon information and belief, the wife of Village Judge John T. Rafter works with the unidentified and unnamed complainant who instigated the prosecution of the Lepper Family for erecting a treehouse for their children and the children of the neighborhood.

62. Upon information and belief, Defendant elected officials, Ralph Scordino, Mayor, Kevin Muldowney, Deputy Mayor, Robyn Silvestri, Village Trustee, Tony Davida, Village Trustee and Mary Adams, Village Trustee conveyed to Village Justice John Rafter and other employees of Defendant Village of Babylon such as Building Inspector Fellman their desire to collect money from fines following convictions of Village of Babylon residents who had the temerity to challenge the unsupported judgment of Defendant Building Inspector Fellman that a violation of Village of Babylon Code Section 365–26 existed.

63. On or about August 14, 2018, Stephen Fellman, as Babylon Village Building Inspector wrote to Mr. Lepper declaring that "Per Section 116 Unsafe Structures of the International Building Code the tree house at the above referenced premises is hereby deemed an unsafe structure and may not be occupied until such time a Certificate of Occupancy is issued."

64. There is no evidence that the Village of Babylon ever adopted the International Building Code nor incorporated its Section 116 as part of the Village of Babylon Code.

65. No substantial credible evidence has ever been presented showing that the Lepper family treehouse is in any way

unsafe for its intended use by the Lepper children and other children.

66. Defendant Village Attorney Glass requested an adjournment of the hearing scheduled for September 4, 2018 and Village Judge Rafter issued a verbal "stop work" order and asked us to unplug the light. Then he adjourned the case to September 18, 2018.

67. Upon information and belief, on September 18, 2018, Village Judge Rafter learned that the office of Defendant Village of Babylon Mayor had received a complaint regarding John Lepper.

68. Village Judge Rafter never informed Mr. Lepper, who was appearing pro se without benefit of counsel, of his rights to receive information about the complaint and the complainant and his right to challenge the accusatory instruments that merely stated, "Tree House" and were unsigned as legally insufficient.

69. Nevertheless, Village Judge Rafter did inquire of Mr. Lepper, pro se, about his efforts at complying with the Village of Babylon Code § 365–26 and the permit application which Mr. Lepper voluntarily filed.

70. Mr. Lepper informed Village Judge Rafter that his building permit application was accepted by the employees of the Village of Babylon Building Department.

71. The following interaction took place between Mr. Lepper and Village Judge Rafter:

JUDGE RAFTER: Okay. Did you have an understanding of what the purpose of the permit is?

MR. LEPPER: Yes sir.

JUDGE RAFTER: What was your understanding of what the purpose of the permit was?

MR. LEPPER: A construction permit was required for a structure being put up according to building code 365-26 it's not

required for under 90 square feet. And I explained that to Mr.
Fellman.

JUDGE RAFTER: I will interpret the code, sir.

MR. LEPPER: Okay.

JUDGE RAFTER: Neither you nor Mr. Fellman will interpret the
code.

Trial transcript September 18, 2018, 10:3–23.

72. Already, Village Judge Rafter was imputing fault on the pro se
Defendant, John Lepper who had attempted to comply with
what was a patently vague and ambiguous ordinance:

JUDGE RAFTER: Did you have an understanding of that before you
undertook the construction?

MR. LEPPER: Not exactly, sir. Because I did not think that a
permit was required for what I was putting up.

Trial transcript September 18, 2018, 11:12–19.

Village Judge Rafter continued to make the case for the prosecutor,
Defendant Village Attorney Glass, who at no time objected to the
line of inquiry of the accused, Mr. Lepper:

JUDGE RAFTER: Did you contact the building department before
you began construction or even contemplated construction of
a tree house?

MR. LEPPER: Yes. On the 19th when I submitted the application.
Prior to the platform no, sir. I did not think a permit was
required for a tree house. I was not sure.

Trial transcript September 18, 2018, 12:2–14.

73. Rather than credit the sworn testimony of John Lepper. A pro
se Defendant, and presumed innocent until proven guilty
beyond reasonable doubt, Village Judge Rafter continued to
push the burden onto Mr. Lepper who provided sworn
evidence that he submitted a permit application prior to
construction and prior to the issuance of any accusatory
instrument by Village of Babylon:

> JUDGER RAFTER: What is the basis of your [Mr. Lepper's] objection?
>
> MR. LEPPER: That was submitted on May 19th after I received the letter from Mr. Fellman regarding construction of the tree house without a permit. That was accepted by the office upstairs on May 19th and it was complete.
>
> JUDGE RAFTER : You note there is no date on this. Do you have any proof as to when it was received?
>
> MR. LEPPER : I was given a copy of the drawing I made and the survey that it was received.

Trial transcript September 18, 2018, 35:7–23.

74. Determined to convict the pro se Defendant John Lepper, Village Judge Rafter interrupts Defendant Village Attorney Glass when questioning Defendant Building Inspector Fellman during the trial about Mr. Lepper's contention that the Lepper Family Treehouse did not require a permit:

> MR. GLASS: Mr. Fellman, it's your contention that under the Babylon Village code 365-26 there was no building permit for this structure -- this tree house, correct?
>
> MR, FELLMAN: Correct.
>
> MR. GLASS: Is there any provision of the Babylon Village code that would exempt one in the Village of Babylon from having to obtain a building permit based up on the facts you have testified to?
>
> JUDGE RAFTER: Mr. Glass, I think that calls for a conclusion of law. So I am not going to permit him to answer that.
>
> MR. GLASS: Okay. I have nothing further.
>
> JUDGE RAFTER: You can ask in his opinion as a violation of the code and then set forth the facts upon which he bases his opinion. And then I would make the ultimate determination.
>
> MR. GLASS: Judge, perhaps this should be the question then. Is there any provision of the code that exempts tree houses from obtaining a building permit?
>
> MR. FELLMAN: No.
>
> MR. GLASS: Okay. I have nothing further judge.

Trial transcript September 18, 2018, 39:11–25, 40:2–22.

75. Most telling is the testimony from Defendant Building Inspector Fellman that "we can issue violations every 24 hours."

Trial transcript September 18, 2018, 45:11–12.

76. Village Judge Rafter convicted John Lepper by Order dated October 17, 2018 yet, as was stated on the record on November 20, 2018, did not recuse himself or allow further inquiry into his wife's relationship with the complainant who, upon information and belief, submitted a complaint against the Lepper Family Treehouse.

77. In his decision Village Judge Rafter stated that the "testimony of Stephan Fellman…established that he visited the premises in question on May 9, 2018, following receipt of a complaint in the Mayor's office that a treehouse was being constructed," yet no such complaint was ever shown to Mr. Lepper although he requested a copy on several occasions, nor was it produced during the trial.

78. On or about October 17, 2018, after a trial singularly deficient in the procedural due process which should have been afforded a pro se defendant in a quasi-criminal proceeding, Mr. Lepper was found in violation of Section 365–26 of the Village of Babylon Code based upon a reference by Hon. John T. Rafter to the Merriam-Webster definition of a building without any citation to the edition and year of publication of that dictionary or explanation of whether it had ever been adopted as an element of the Village of Babylon Code.

79. The Order by Village Judge Rafter finding John. Lepper in violation of Section 365–26 of the Village of Babylon Code required Village Judge Rafter to use a definition of building from a dictionary since it was not defined in the Village of Babylon Code: "The Merriam-Webster Dictionary defines a building as follows; A structure that is designed or intended for support, enclosure, shelter or protection of persons,

animals or property having a permanent roof that is support by columns or walls."

Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 1.

80. Without referring to the remaining provisions of the Village of Babylon Code governing children's play gyms and the expansive use of "any combination," Judge Rafter states "The Court hereby specifically finds that the treehouse in question constituted a "building" within the meaning of the subject Code section."

Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 3.

81. In that same October 17, 2018 Order finding Mr. Lepper in violation of Section 365–26 of the Village of Babylon Code, Village Judge Rafter states, "it is noted that the Notice of Violation is not signed by any representative of the Village of Babylon."

Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 2.

82. In that same October 17, 2018 Order finding Mr. Lepper in violation of Section 365–26 of the Village of Babylon Code Village Judge Rafter states, "it is noted that the Notice of Violation is not signed by any representative of the Village of Babylon."

Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 2.

83. In his October 17, 2018 Order finding Mr. Lepper in violation of Section 365–26 of the Village of Babylon Code Village Judge Rafter finds that "Defendant [Mr. Lepper] did apply for a permit" (Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 2.) but then states without any reference to the record, "but his application was deemed incomplete as it did not contain a drawing from a licensed

architect or engineer." (Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 2.)

84. There is no evidence that the Lepper family was ever informed by any representative of the Village of Babylon that such a "drawing" was required for a children's tree house of less than 90 square feet floor area.

85. If, in fact, the Village of Babylon Code Section 365–26 does require such an expensive document to obtain a permit for a children's tree house of less than 90 square feet of floor area it essentially prevents a homeowner from the legal and proper use of their real property and is on its face a violation of Plaintiffs' civil, constitutional and human rights associated with title to real property and the quiet enjoyment of that property as a family.

86. On October 17, 2018, after the Order of Village Judge Rafter was delivered by code enforcement, John Lepper went to Village Court to inquire about appeal.

87. The next day, October 18, 2018, Babylon Village Attorney Gerard Glass sent a letter to the Lepper Family, stating, in toto, that "As you know this office is counsel to the Village of Babylon. The Court has rendered its decision. Please let me know your intentions. Thank you for your attention and courtesies herein."

88. The day after Attorney Glass sent his letter, and two days after the Order was issued, Building Inspector Fellman stated in a letter that, "On October 17, 2018 Village Justice John Rafter found you guilty of each offense listed on various summonses you received regarding the construction of a treehouse within your front yard setback. I, as Building Inspector, am ordering the continuation of the stop work order barring any further construction or occupancy of the tree house."

89. Building Inspector Fellman concluded his October 19, 2018 letter with the threat that the Lepper Family "must remove the tree house in its entirety or summonses may be issued on a daily basis."

90. Rather than allow the Lepper family sufficient time to appeal or seek counsel to elapse, the Defendants, jointly and severally, individually and collectively, did work together to injure the Plaintiff Lepper family; silence the Lepper family from speaking out about community problems, and did engage in an abuse of legal process to have Mr. Lepper remove the Lepper Family Treehouse.

91. Defendant Building Inspector Fellman did issue multiple additional accusatory instruments concerning the Lepper Family Treehouse to the Leper family on Halloween, October 31, 2018.

92. On November 5, 2018, John Lepper paid the fines imposed on him by Village Judge Rafter in his October 17, 2018 Order.

93. On November 13, 2018, Building Inspector Fellman the day of a hearing scheduled for trial on accusatory instruments previously issued by Building Inspector Fellman, Building Inspector Fellman created and filed a document designated "Accusatory Instrument/Information for State and Village Ordinances" asserting John Lepper "did wrongfully and unlawfully commit the offense of Section 365–26 Construction without a Permit," followed by a recital of "§365–26 Permit Required; Materials to be submitted."

94. Nowhere in that putative Accusatory Instrument/Information and the ordinance quoted therein is there any mention of drawing by an "architect or engineer."

95. In that putative Accusatory Instrument/Information, Building Inspector Fellman alleges that he "did observe the defendant [John Lepper] erected a treehouse without a building permit. Further after a stop work order was issued on 10/19/18

barring any further construction or occupancy of the treehouse the defendant added lights."

96. On November 13, 2018, Village Justice John Rafter conducted a hearing on the accusatory instrument issued on October 20, 2018.

97. November 16, 2018, Plaintiff John Lepper filed Notice of Appeal from the Order of Village Justice John Rafter dated October 17, 2018.

98.  Plaintiff John Lepper filed a FOIL request and a litigation hold notice and to this date the Defendants have not responded or complied.

99. On November 20, 2018. Village Justice John Rafter conducted a hearing on the October 20, 2018 and October 31, 2018 accusatory instruments.

100. On November 20, 2018, through counsel, Mr. Lepper asked the Court to enjoin the daily issuance of fines so that Mr. Lepper may resolve the new set of accusatory instruments against him on the merits but Village Justice John Rafter refused to do so.

101. On November 21, 2018, John Lepper tried to obtain copies of exhibits that were missing from the trial on September 18, 2018. After waiting two hours he was denied copies.

102. November 27, 2018, at approximately 1515 hours Plaintiff John Lepper filed a Motion to dismiss the outstanding accusatory instruments together with a letter from Attorney Morris requesting copies of the exhibits from the trial on September 18, 2018.

103. On December 10, 2018, Plaintiffs filed their Verified Complaint accompanied by an Order to Show Cause and the matter was scheduled to be heard before Hon. Joseph F. Bianco.

104. Defendant Gerald Glass, Esq. did state in open Court on December 10, 2018 that the Village of Babylon utilized daily fines against purported Village of Babylon Code violators to obtain compliance.

105. Defendant Gerald Glass, Esq. did represent in open Court on December 10, 2018 that the Village of Babylon intends on requiring building permits for any treehouse structure in the Village of Babylon.

106. Defendant Gerald Glass, Esq. did state in open Court on December 10, 2018 that the Village of Babylon sought to enjoin the use of a light that illuminated Plaintiffs American Flag and the adjoining street where illegal drug activity had taken place.



107. Defendant Gerald Glass, speaking on behalf of all Defendants, did wish to enjoin Plaintiff from efforts at ameliorating the drug use that occurred on and around his property by illuminating the street.

108. Defendant Gerald Glass, on December 10, 2018 before this Honorable Court, did provide several admissions as to the true

intentions of Defendants, jointly and severally, individually and collectively, to punish Plaintiffs for every day that the Lepper Family Treehouse existed.

109. Defendant Gerald Glass, Esq. did state in open Court on December 10, 2018 that the Village of Babylon was monitoring Plaintiffs' property.

110. Defendant Gerald Glass, Esq. did state in open Court on December 10, 2018 that the Village of Babylon was conducting surveillance of Plaintiffs' property and the family activities thereon.

111. Defendant Gerald Glass, Esq. did state in open Court on December 10, 2018 that the Village of Babylon took issue with a temporary electric extension cord to a tree on Plaintiffs" private property.

## V.   ACTIONS OF DEFENDANTS COMPLAINED OF BY PLAINTIFFS

112. Defendants, jointly and severally, individually and collectively, through Defendant Building Inspector Fellman, did issue accusatory instruments against Mr. Lepper in retaliation for his speaking out about matters of public concern in and around the Village of Babylon.

113. Defendants, jointly and severally, individually and collectively, through Defendant Building Inspector Fellman, did issue accusatory instruments against Mr. Lepper to further the wishes of some unidentified complainant and in derogation of the constitutional rights of the Lepper Family.

114. Defendants, jointly and severally, individually and collectively, through Defendant Building Inspector Fellman, did issue accusatory instruments to Mr. Lepper carrying criminal sanctions to the Lepper Family without allowing Mr. Lepper the opportunity to comply with or otherwise challenge the actions of the Village of Babylon,

115. Defendants, jointly and severally, individually and collectively, through Defendant Building Inspector Fellman, did issue accusatory instruments to obtain monies and property for which Defendants were not entitled.

116. Defendants, jointly and severally, individually and collectively, knew and had reason to know that their actions were unjustified and without probable cause or even arguable probable cause.

117. Defendants, jointly and severally, individually and collectively, knew and had reason to know that their actions would cause harm to and inflict distress upon the Plaintiffs.

118. The Defendants, jointly and severally, individually and collectively, and the inability to obtain a fair trial continue to oppress the Lepper family and cast a cloud of criminality over their persons, home, and family.

119. Among the examples of the organized oppression of the Lepper family by the Defendants, jointly and severally, individually and collectively, has been the wrongful delay and outright refusal to provide Mr. Lepper with the exhibits from his trial before Village Judge Rafter.

VI.       THE BASIS FOR EQUITABLE RELIEF

120. Defendant Village of Babylon through the threats of Building Inspector Fellman continues to insist that the Lepper family tear down and completely remove their children's treehouse under threat of daily fines of up to $1,000 each day.

121. The Lepper family is in imminent danger of serious, permanent, and irreparable economic damage.

122. The Lepper family parents continue to live in fear that they will suffer serious economic punishment for a reasonable use of their own private property and their temerity in exercising their First Amendment rights by speaking out against the unconscionable actions of the Defendants in depriving the

Lepper family of their liberty interest in raising their children as they see necessary which included trying to protect their infant children from exposure to hypodermic needles on the ground by building them a safe harbor in the air; and then retaliating against the Lepper family for speaking out.

123. The Lepper family Plaintiffs have no adequate remedy at law.

124. Defendant Village of Babylon has not established any association between Village of Babylon Code Section 365–26 and the public health, safety and welfare of the residents of the Village of Babylon.

125. That there is no substantial credible evidence that the Lepper family children's treehouse represents a threat, much less a danger, to the health, safety, and welfare of the residents of the Village of Babylon.

126. Staying enforcement of the ordinance pending the resolution of this action and a declaration of the constitutionality and enforceability of Village of Babylon Code Section 365–26 will not cause any harm and/or damage to the residents of the Incorporated Village of Babylon.

127. Mr. Lepper and the Lepper family have made no other request for injunctive relief.

### VII.     FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF

128. Mr. Lepper seeks to enjoin the enforcement of Village of Babylon Code Section 365–26 as unconstitutional.

129. The elected officials, particularly the Village Judge, and all the employees, agents of, and consultants to the Incorporated Village of Babylon have a clear and unequivocal duty to all the resident property owners of the Village to assure them peaceful and quiet enjoyment of their homes and property according to the ancient and long standing maxim of at the heart of common law equity jurisprudence, *sic utere tuo ut*

*alienum non laedas*, enjoining everyone to use their own property in such a way as not to injure that of another.

130. Defendant Village of Babylon seeks to limit the use of the Subject Premises.

131. Defendant Village of Babylon claims it has a right to restrict the erection of structures on private property that are less than 90 square feet.

132. Village of Babylon Code §326–26 can only be enforceable if it is a proper exercise of the police powers of the State by the Village of Babylon.

133. Village of Babylon Code §326–26 should be considered a zoning regulation by Defendants Village of Babylon.

134. To impose fines and even imprisonment for erecting a "building… on any lot, plot or premises" in the Village of Babylon "until a permit authorizing the same shall have been issued by the Building Inspector" (Village of Babylon Code §326–26.) without defining "building" and the phrase, "lot, plot or premises" creates a vague, ambiguous, and essentially meaningless ordinance.

135. Each of the accusatory instruments lodged against Defendant Lepper is based on the claim that erecting a treehouse of less than 90 square feet without a building permit or variance from the Zoning Board of Appeals is a violation of the Village of Babylon Code.

VIII.    **DEFENDANTS USE OF LEGAL PROCESS, FINES AND PROSECUTION IS DESIGNED TO SILENCE MR. LEPPER AND VIOLATES THE FIRST AMENDMENT RIGHTS OF THE LEPPER FAMILY**

136. Defendants have constrained the ability of the Lepper family to create a treehouse for his infant children shortly after he spoke out against the criminal activity occurring within Village of Babylon.

137. Defendants knew and had reason to know that the Lepper family parents intended on building a treehouse to remove their children from and allow their children to play without the danger of contact with hypodermic needles on the ground which had been discarded from the street and public walkways onto the Lepper property.

138. Defendants knew and had reason to know that John Lepper spoke publicly and spoke out against the hypodermic needles found on his property, crime in his community and the safety and wellbeing of his children.

139. In response to his identifying the problem of the hypodermic needles and their indication of a community drug problem and bringing the issues before the administration of the Village of Babylon, Defendants, individually and collectively, did conspire and act to deprive Mr. Lepper of his rights under the First, Fourth, Fifth, and Fourteen Amendment by ordering immediate and total removal of the treehouse he built for his children under the threat of continuing Draconian confiscatory fines and penalties.

140. Defendants, individually and collectively, did act to deprive Mr. Lepper of his rights under the First, Fourth, Fifth, and Fourteen Amendment while knowing and having reason to know that Mr. Lepper fully complied with the permit process of the Village of Babylon Code, and by obfuscating an already arcane and obscure administrative process cause injury to the Lepper family.

141. Rather than remedy the problem of drug abuse in the community or address the concerns Mr. Lepper expressed about the dangers of the discarded hypodermic needles which could have been addressed by Village of Babylon Code Enforcement, Defendants accepted the building permit which Mr. Lepper filed and the fee which he tendered without any intention of processing the application or even acknowledging

its existence in their later prosecution in the Babylon Village Court.

142. Upon information and belief, Defendants at the behest of an unnamed and unidentified complainant did conspire and plan to issue accusatory instruments to Mr. Lepper with the ultimate goal of obtaining money, removing all remnants of a then unfinished treehouse, and punishing the Lepper family for exercising their constitutional rights.

143. On May 10, 2018, Defendants acknowledged that the treehouse did not violate any provision of the Village of Babylon Code by accepting the building permit application and fee.

144. Defendants concede that notice of all three violations which were each dated in May, 2018, were actually sent to Mr. Lepper in July, 2018.

145. Defendants delayed processing the Lepper family building permit for their children's treehouse and by failing to acknowledge and/or act upon the application, created a situation where fines would accrue against the Lepper family for lack of a permit and cause the Lepper family serious, permanent, and irreparable economic damage.

146. Defendants caused quasi criminal process to issue legal process against the Lepper family to silence the Plaintiff John Lepper and violate the civil and constitutional rights of the Lepper family.

147. Upon information and belief, Defendants John and/or Jane Doe did act and conspire with the Defendants, jointly and severally, individually and collectively, to silence the Plaintiff Lepper family and remove their children's playhouse.

IX.     **VILLAGE OF BABYLON CODE § 325–26 FORECLOSES AGE-APPROPRIATE PRIVATE RIGHTS OF ASSEMBLY AND ASSOCIATION ON ARBITRARY GROUNDS AND ARE THEREFORE TECHNICALLY CAPRICIOUS AS WELL AND CERTAINLY UNDERINCLUSIVE.**

148. Plaintiffs have constitutionally protected liberty interests in their property.

149. Plaintiff John Lepper and Plaintiff Noelle Lepper have the right to establish a home and bring up children.

150. Plaintiff Noelle Lepper and Plaintiff John Lepper have the right to direct the upbringing and education of their infant children.

151. Plaintiff John Lepper and Plaintiff Noelle Lepper have the right and duty to nurture their children and direct their children's destiny.

152. Insofar as their children are concerned, Plaintiff John Lepper and Plaintiff Noelle Lepper have the right coupled with the high duty, to prepare their children for additional obligations.

153.  A special respect for individual liberty in the home has long been part of our culture and our law.

154. That Defendants issued legal process to silence the Plaintiffs and to remove the Lepper Family Treehouse without probable cause that the children's treehouse would have a negative impact on the public health and safety of the residents of the Village of Babylon and thereby violated the constitutional rights and liberty interests of the Plaintiffs without due process of law.

155. Defendants took action within the span of forty-eight hours to find Mr. Lepper guilty of a crime and then threaten daily fines if the treehouse was not removed, however, they still have not acted upon the permit application filed by the Lepper family.

156. The conviction of an unrepresented pro se John Lepper and the unjustified fines imposed by Village Judge Rafter were an unconstitutional attempt to silence Plaintiff John Lepper and intimidate him from speaking out against government ineptitude, the scourge of drugs, and his intention to do something about it on his own property.

157. Defendants actions in the prosecution of the Lepper family violated their civil and constitutional rights of the Plaintiff Lepper family, their liberty rights, and their rights to due process, enjoyment of property, freedom of assembly, and the ability to associate with one another on their property without the fear of government intrusion or reprisal.

158. Defendants violated the civil and constitutional rights of the Plaintiff Lepper family by the unsupported citation of the Lepper Family Treehouse as an unsafe structure in violation of the International Building Code without the basis therefore.

159. Building Inspector Fellman never presented any substantial credible evidence identifying the nature and manner he claimed the treehouse was an unsafe treehouse.

### X.   PLAINTIFFS' RIGHTS ARE BEING VIOLATED BY THE THREAT OF CONTINUED FINES

160. Village of Babylon Code Section 365–26 is criminal in nature.

161. The fines associated with Village of Babylon Code Section 365–26 are punitive, doubling and tripling and culminating in the demand for the removal of property without due process.

162. The actions of Defendants in enforcing Village of Babylon Code Section 365–26 against the Lepper family and threatening to continue enforcement with successive process and escalating fines and penalties for the very same conduct violate the Constitutional Rights of the Lepper family by subjecting them to repeated double jeopardy.

163. Mr. Lepper raised this issue before the Honorable John T. Rafter who ignored the issues, then convicted Mr. Lepper, an unrepresented, pro se defendant without any substantial credible evidence of guilt.

164. The accrual of multiple accusatory instruments, existing unfounded convictions of three violations and pending prosecution of further accusatory instruments establishes the imminent danger of serious, permanent, and irreparable economic damage and the likelihood that such danger will be continued based upon the sworn testimony of Defendant Building Inspector Fellman, Plaintiff John Lepper and the Lepper family has been placed in jeopardy, repeatedly, for the same alleged criminal offense.

## XI.    PROSECUTION OF THE LEPPER FAMILY BY THE DEFENDANTS FOR ALLEGED VIOLATIONS OF VILLAGE OF BABYLON CODE SECTION 365–26 IS AN UNCONSTITUTIONAL TAKING OF THEIR PROPERTY

165. Village of Babylon Code Section 365–26 is unconstitutional:

166. Village of Babylon Code Section 365–26 as enforced by the Defendants against the Plaintiff Lepper family is unconstitutionally vague, overbroad, and violates the civil and constitutional rights of the Lepper family guaranteed to them under the First, Fourth, Fifth, and Fourteen Amendment of the Constitution.

167. Village of Babylon Code Section 365–26 fails to give Plaintiff John Lepper fair notice that building a treehouse of less than 90 square feet is forbidden by the Code.

168. Village of Babylon Code Section 365-26 does not provide guidance to ordinary homeowners as to whether building a treehouse for their infant children might be construed as a violation subjecting them to criminal prosecution.

169. Village of Babylon Code Section 365–26 encourages arbitrary and erratic arrests and convictions.

170. The accusatory instruments charging Plaintiff John Lepper with violating Village of Babylon Code Section 365-26 for building a treehouse for his infant children upon the malice and/or animosity of a neighbor.

171. Village of Babylon Code Section 365–26 fails to meet the fundamental principle of statutory construction for laws with criminal penalties, minimal guidelines to govern law enforcement.

172. As evidenced by the Kafkaesque prosecution and continued litigation over a treehouse for the infant Lepper children on their own property, Village of Babylon Code Section 365-26 allows law enforcement and local government to pursue their personal animosity in violation of the civil and constitutional rights of the Plaintiffs.

173. Village of Babylon Code Section 365-26 has been utilized to obtain monies from Mr. Lepper under threat of continuing fines, liens on the Lepper family home, and/or jailing.

XII.    **PLAINTIFFS SEEK A JUDGMENT DECLARING THAT THEY ARE ENTITLED TO TRIAL BY JURY ON CHARGES OF VIOLATING VILLAGE OF BABYLON CODE SECTION 365–26**

174. Village of Babylon Code Section 365-26 is one that carries more than simple fines.

175. Because of the criminal nature of Village of Babylon Code Section 365-26, Plaintiffs aver that they are entitled to a trial right.

176. Defendants, and specifically as stated in open Court by Gerald Glass, Esq. on December 10, 2018, intend on utilizing daily fines to enforce Village of Babylon Code Section 365-26.

177. Upon information and belief, Village of Babylon Code Section 365-26 can result in fines amounting to thousand(s) of dollars a day.

178. Defendants, and specifically as stated in open Court by Gerald Glass, Esq., can utilize New York Supreme Court actions to enforce Village of Babylon Code Section 365-26 by entering the property.

179. Defendants, and specifically Defendant Stephen Fellman on October 19, 2018, threatened removal of property from Plaintiffs under threat of daily fines.

180. Such action is beyond a petty offense as contemplated by the Constitution of the United States.

181. Such action is beyond a petty offense as contemplated by the New York State Penal Law

182. Under the New York State Constitution and the rights asserted thereunder, the Plaintiffs assert that a Jury Trial attach to prosecutions of Village of Babylon Code Section 365-26.

183. Under the Federal Constitution and the amendments thereto, Plaintiffs assert that a Jury Trial attach to prosecutions of Village of Babylon Code Section 365-26.

## XIII.    EIGHTH AMENDMENT AND EXCESSIVE FINES

184. Because of the criminal nature of Village of Babylon Code Section 365-26, Plaintiffs can suffer fines up to one-thousand dollars for the misuse of personal property.

185. The Eighth Amendment of the United States Constitution protects against unreasonable and excessive fines.

186. Defendants, and specifically as stated in open Court by Gerald Glass, Esq. on December 10, 2018, intend on utilizing daily fines to enforce Village of Babylon Code Section 365-26.

187. Upon information and belief, Village of Babylon Code Section 365-26 can result in fines amounting to thousand(s) of dollars a day.

188. Plaintiffs would have committed no further action but rather Plaintiffs inaction would allow such daily fines to accrue.

189. Defendants, all of them, know and have reason to know that such daily fines are excessive and extortionate in nature.

190. Defendants, and specifically as stated in open Court by Gerald Glass, Esq. on December 10, 2018, discussed utilizing daily fines as part of their package of tools to enforce Village of Babylon Code Section 365-26.

191. Defendants, and specifically as stated in open Court by Gerald Glass, Esq. on December 10, 2018, opined that the existence of the Lepper Family Treehouse was deserving of daily fines by Defendants utilizing Village of Babylon Code Section 365-26.

192. Plaintiffs need take no further action for Defendants to issue additional fines.

193. Plaintiffs need take no further action for Defendants to issue daily fines.

194. According to Defendants, and specifically as stated in open Court by Gerald Glass, Esq. on December 10, 2018, Defendants could simply observe and fine Plaintiff everyday he sought to defend himself in court.

195. According to Defendants, and specifically as stated in open Court by Gerald Glass, Esq. on December 10, 2018, Defendants could simply observe and fine Plaintiff everyday he sought to obtain a building permit from Defendants, the Village of Babylon.

196. Defendants, collectively, through their attorney and agent as Village Attorney, Gerard Glass did state in open Court on December 10, 2018 that the Village of Babylon did use

exorbitant fines to obtain property, or revenue or coerce action to which Defendants are not otherwise entitled.

197. Accordingly, Plaintiffs are damaged and seek enjoinment of the enforcement of Village of Babylon Code Section 365-26.

## XIV.    42 U.S.C. §1983: "MONELL" CLAIM

198. Defendant elected officials, jointly and severally, individually and collectively, failed to adequately and properly train, supervise, manage, and control their employees, particularly Building Inspector Fellman in the administration of the Village of Babylon Code Section 365–26 the Lepper family has suffered injury and damage.

199. Defendant elected officials, jointly and severally, individually and collectively, were responsible for the administration and operation of the Village of Babylon.

200. Defendant elected officials, jointly and severally, individually and collectively, were responsible for policy and decision making in the Village of Babylon.

201. Defendant elected officials, jointly and severally, individually and collectively, actively established or permitted to exist a Village wide policy of denial of due process and equal protection in the administration and enforcement of the Village of Babylon Code, in this specific case Section 365–26.

202. Defendants, jointly and severally, individually and collectively, subjected Plaintiffs, the Lepper family, to selective enforcement of Village of Babylon Code Section 365–26 and disparate treatment from that afforded similarly situated property owners.

203. Defendant elected officials, jointly and severally, individually and collectively, failed to remediate the actions taken against the Lepper family for erecting their children's treehouse and continue to harass, threaten, and attempt to coerce the Lepper family into removing their children's treehouse.

204. Defendant elected officials, jointly and severally, individually and collectively, have continued to subject the Lepper family to continued prosecution for alleged violations of Village of Babylon Code Section 365–26 as part of a cover up for the unjustified and improper earlier prosecution and conviction of Plaintiff John Lepper for violating Village of Babylon Code Section 365–26 by erecting a treehouse of less than 90 square feet "lot area" for his infant children.

205. Defendant elected officials, jointly and severally, individually and collectively, knew, or should have known, that there was no system or procedure in place for reporting, investigating, or remediating incidents involving harassment of Village residents by means of the Village of Babylon Code other than this litigation.

206. Defendant elected officials, jointly and severally, individually and collectively, maintained a deliberate indifference to the human, civil, and constitutional rights of the Plaintiff Lepper family.

### XV.   STATE LAW CLAIMS

207. Defendants, jointly and severally, individually and collectively, had a duty not to subject Plaintiff John Lepper and the Lepper family to constitutional violations, summary punishment, improper and inappropriate charges of Babylon Village Code violations malicious prosecution, abuse of process, false and improper investigation.

208. Defendants, jointly and severally, individually and collectively, through their conduct, acts, and omissions acted outrageously and beyond the bounds of decency in (a) attempting to coerce Plaintiffs into removing a lawful children's treehouse from their property by threatening ongoing and continued legal proceedings with the potential for confiscatory fines and imprisonment; (b) filing unjustified and unsupportable criminal charges against and imposing

summary punishment and excessive fines upon Plaintiffs for allegedly violating an unconstitutional ordinance, Village of Babylon Code Section 365–26; (c) concealing and attempting to cover up the wrongs done to Plaintiffs; and defaming, slandering and failing to redress the grievances done to the Plaintiffs.

209. Defendants, jointly and severally, individually and collectively, violated the Plaintiff's rights secured under the United States Constitution and the New York State Constitution.

## XVI.   NEGLIGENCE

210. Defendants, jointly and severally, individually and collectively, had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to the Plaintiff Lepper family.

211. Defendant Village of Babylon was negligent, careless, and reckless in the treatment of Plaintiffs by failing to train, supervise, discipline and investigate its employees involved in the instant matter.

212. Defendant Village of Babylon knew or should have known of its employees' propensities for the conduct which caused substantial and severe injury to the Plaintiffs.

213. Defendants acted negligently in violating the civil, Constitutional, and human rights of the Plaintiffs.

## XVII.   ABUSE OF PROCESS

214. Defendant Village of Babylon employed regularly issued legal process to compel Plaintiffs to remove their children's treehouse.

215. Defendants, jointly and severally, individually and collectively, intended to intent to do harm and cause damage to the Lepper family without excuse of justification.

216. Defendants, jointly and severally, individually and collectively, in order to obtain a collateral objective that is outside the legitimate ends of the process did cause a series of unfounded accusatory instruments to be issued against Plaintiff John Lepper.

### XVIII.   NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

217. Defendants, individually and/or collectively, jointly and/or severally, acted outrageously and beyond the bounds of decency in violating the civil rights and liberty interests of the Plaintiffs causing them to suffer pain, shame, humiliation and anguish.

218. The reprehensible, extreme and outrageous conduct of the Defendants, jointly and severally, individually and collectively, against Plaintiffs occurred with intent and full knowledge that their conduct would cause severe and extreme emotional and psychological harm to Plaintiffs.

219. Defendants did fail to investigate improper use of criminal process but, rather, Defendants began to conspire and cover up such actions by prosecuting criminal charges and threatening Plaintiffs with unjust and excessive fines and threatened loss of their property.

220. The Defendants knew or had reason to know that Plaintiffs were guilty of no wrongdoing.

221. Defendants, jointly and severally, individually and collectively, acted with knowledge and reason to know that their conduct would cause severe and extreme emotional and physical harm to Plaintiffs.

222. As a result, Plaintiffs suffered great pain, emotional degradation, loss of employment, shame, humiliation and anguish, causing them great distress and emotional agony.

### XIX.    DEFAMATION

223. The Plaintiff Lepper family is being harassed by the Village of
Babylon and the individual defendants, to the extent that the
Lepper family use of their property is being monitored and the
curtilage of their property invaded without due process on
what appears to be a daily basis for the purpose of attempting
to fabricate charges of Babylon Village Code violations for
further prosecution.

224. Whereas, as a result of said defamation, Plaintiffs continue to
suffer from humiliation, loss of standing in the community,
loss of self-esteem and public esteem, public disgrace and
severe/extreme emotional distress.

### XX.    PRIMA FACIE TORT

225. Defendants, individually and/or collectively, jointly and/or
severally, acted outrageously and beyond the bounds of
decency in violating the civil rights and liberty interests of the
Plaintiffs causing them to suffer pain, shame, humiliation and
anguish.

226. The reprehensible, extreme and outrageous conduct of the
Defendants, jointly and severally, individually and
collectively, against Plaintiffs occurred with intent and full
knowledge that their conduct would cause severe and extreme
emotional and psychological harm to Plaintiffs.

### XXI.    INJURIES AND DAMAGES

227. As a direct and proximate result of the wrongful actions and
inappropriate lack of action by the Defendants, jointly and
severally, individually and collectively, Plaintiffs, particularly
the infant Plaintiffs, have suffered injury and damages,
emotional and psychological harm, including loss of
educational opportunities, emotional injury, distress and pain,
and incurred significant cost and expenses, including but not
limited to legal fees, loss of good name and standing in the

community, public stigma, personal humiliation, social degradation, and other cost and expenses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek an order of this honorable Court:

DECLARING Village of Babylon Code Section 365–26 unconstitutional and unenforceable as violating the rights of the Plaintiffs under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

PROHIBITING the Village of Babylon from issuing further accusatory instruments against Plaintiffs charging violations of Village of Babylon Code Section 365–26 for the existence of the Lepper family treehouse.

MANDATING the right to trial by jury for any alleged violations of Village of Babylon Code Section 365–26.

VACATING AND DISMISSING any convictions of Plaintiff John Lepper for violating Village of Babylon Code Section 365–26.

DIRECTING restitution of any fines already paid by or on behalf of the Lepper family for convictions of violating Village of Babylon Code Section 365–26 for erecting their children's treehouse.

AWARDING Plaintiffs compensatory, general, and punitive damages, costs, disbursements, and attorneys' fees from the Defendants.

All together with such other and further relief as to this Court shall deem just and proper.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.

42

DATED AT   Dix Hills, New York
December 16, 2018

CORY H. MORRIS (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*Attorney for the Plaintiffs*
33 Walt Whitman Rd, *suite* 310
Dix Hills, New York 11746
Phone: (631) 450–2515
FAX: (631) 223–7377
Email: Cory.H.Morris@protonmail.com

VICTOR JOHN YANNACONE, JR., (VY6405)
*of counsel*
Phone: (631) 475–0231
Email barrister@yannalaw.com

To:   **GERARD GLASS**, Esq.
*Babylon Village Attorney*
72 East Main Street Suite 3
Babylon, New York 11702

## INDEPENDENT VERIFICATION

State of New York
County of Suffolk  } ss:

John Lepper duly affirming under the penalty of perjury deposes and says that I am the one of the Plaintiffs filing this Amended Verified Complaint and accompanying documents; that I have read the foregoing Amended Verified Complaint and know the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief.

Duly affirmed under penalty of
perjury on December 16th 2018

JOHN LEPPER

Sworn before me on the
16th of December, 2018

NOTARY PUBLIC

JENNIFER LYNN KUTZLER
Notary Public – State of New York
NO. 01KU6238748
Qualified in Suffolk County
My Commission Expires Apr 11, 2019

## INDEPENDENT VERIFICATION

State of New York
County of Suffolk  } ss:

Noelle Lepper duly affirming under the penalty of perjury deposes and says that I am the one of the Plaintiffs filing this Amended Verified Complaint and accompanying documents; that I have read the foregoing Amended Verified Complaint and know the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief.

Duly affirmed under penalty of
perjury on December 16th, 2018

_____
NOELLE LEPPER

Sworn before me on the
16th of December, 2018

_____
NOTARY PUBLIC

JENNIFER LYNN KUTZLER
Notary Public – State of New York
NO. 01KU6238748
Qualified in Suffolk County
My Commission Expires Apr 11, 2019