UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN LEPPER and NOELLE LEPPER, individually   Index No.: 2:18-cv-07011 JFB-GRB
and as parents and natural guardians of their infant
children, B.J.L. and B.I.,

                              Plaintiffs,   **JURY TRIAL DEMANDED**

    -against-

VILLAGE OF BABYLON; and, RALPH
SCORDINO, Mayor, KEVIN MULDOWNEY,
Deputy Mayor, ROBYN SILVESTRI, Village
Trustee, TONY DAVIDA, Village Trustee, MARY
ADAMS, Village Trustee; STEPHEN FELLMAN,
Village of Babylon Building Inspector; SUZANNE
SCHETTINO, Department of Public Works;
GERARD GLASS, Esq., Village of Babylon
Attorney; DEBORAH LONGO, Planning Board,
Village of Babylon, each individually and in their
official capacity, and John and/or Jane Doe,
unnamed, unidentified complainants,

                              Defendants.
-----------------------------------------------------------------X

## DEFENDANTS' ANSWER AND COUNTERCLAIM
## TO PLAINTIFFS' AMENDED VERIFIED COMPLAINT

        Defendants, VILLAGE OF BABYLON; and, RALPH SCORDINO, Mayor, KEVIN MULDOWNEY, Deputy Mayor, ROBYN SILVESTRI, Village Trustee, TONY DAVIDA, Village Trustee, MARY ADAMS, Village Trustee; STEPHEN FELLMAN, Village of Babylon Building Inspector; SUZANNE SCHETTINO, Department of Public Works; GERARD GLASS, Esq., Village of Babylon Attorney; and DEBORAH LONGO, Planning Board, Village of Babylon, each individually and in their official capacity, hereby answer the Amended Verified Complaint of the plaintiffs, JOHN LEPPER and NOELLE LEPPER, individually, and as parents and natural guardians of their infant children, B.J.L. and B.I., filed in the above-captioned matter on December 17, 2018, and assert affirmative defenses and counterclaims as follows:

## ANSWERING EACH AND EVERY CAUSE OF ACTION OF THE COMPLAINT

FIRST: Denies allegations contained in paragraphs numbered "1," "2," "3," "4," "5," "6," "7," "8," "9," "10," "11," "12," "13," "14," "28," "29," "36," "37," "40," "41," "42," "43," "44," "45," "46," "47," "50," "51," "55," "57," "61," "62," "64," "65," "73," "74," "78," "84," "85," "89," "90," "107," "108," "109," "110," "112," "113," "114," "115," "116," "117," "118," "119," "120," "121," "122," "123," "124," "125," "126," "128," "130," "132," "134," "135," "136," "137," "138," "139," "140," "141," "142," "143," "144," "145," "146," "147," "154," "155," "156," "157," "158," "159," "161," "162," "163," "164," "165," "166," "167," "168," "169," "170," "171," "172," "173," "175," "176," "179," "180," "181," "182," "183," "185," "186," "189," "190," "196," "197," "198," "201," "202," "203," "204," "205," "206," "208," "209," "211," "212," "213," "215," "216," "217," "218," "219," "220," "221," "222," "223," "224," "225," "226" and "227" of the Amended Verified Complaint.

SECOND: Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "15", "16", "17", "18", "19", "20," "21," "24," "25," "26," "27," "30," "31," "32," "35," "38," "39," "48," "49," "52," "53," "54," "56," "58," "59," "60," "63," "66," "67," "69," "70," "71," "72," "75," "76," "77," "79," "80," "81," "82," "83," "86," "87," "88," "91," "92," "93," "94," "95," "96," "97," "98," "99," "100," "101," "102," "103," "104," "105," "106," "111," "127," "177," "178," "184" and "191" of the Amended Verified Complaint.

THIRD: Denies allegations contained in paragraphs numbered "23," "33," "129," "133," "149," "150," "151," "152," "153," "160" and "174" of the Amended Verified Complaint and refers all questions of law to the Court.

FOURTH: Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "34," "148," "187," "188," "192," "193," "194," "195," "199" and "200" of the Amended Verified Complaint and refers all questions of law to the Court.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "68" of the Amended Verified Complaint and refers all questions of law to the Court, and denies that any accusatory instruments were defective.

SIXTH: Denies allegations contained in paragraphs numbered "207" and "210" of the Amended Verified Complaint and refers all questions of law regarding legal duty to the Court.

SEVENTH: Denies allegation contained in paragraph numbered "214" of the Amended Verified Complaint as vague.

## DEMAND FOR JURY TRIAL

EIGHTH: Defendants demand a trial by jury for the non-equitable relief.

### FOR A FIRST, SEPARATE AND COMPLETE DEFENSE
### THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
### UPON INFORMATION AND BELIEF:

NINTH: That any injuries or damages sustained by the plaintiffs were occasioned through the negligence and culpable conduct on the part of the plaintiffs.

### FOR A SECOND, SEPARATE AND COMPLETE DEFENSE
### THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
### UPON INFORMATION AND BELIEF:

TENTH: That this Court lacks jurisdiction over the person or property of the answering defendants, VILLAGE OF BABYLON; and, RALPH SCORDINO, Mayor, KEVIN MULDOWNEY, Deputy Mayor, ROBYN SILVESTRI, Village Trustee, TONY DAVIDA, Village

Trustee, MARY ADAMS, Village Trustee; STEPHEN FELLMAN, Village of Babylon Building Inspector; SUZANNE SCHETTINO, Department of Public Works; GERARD GLASS, Esq., Village of Babylon Attorney; and DEBORAH LONGO, Planning Board, Village of Babylon, each individually and in their official capacity, in that the service of process was not made in accordance with the provisions of the law.

FOR A THIRD, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

ELEVENTH: That the party making claim lacks capacity to bring the action.

FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

TWELFTH: There is another action pending between the same parties for the same cause of action. Therefore, the Amended Verified Complaint should be dismissed.

FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

THIRTEENTH: That the plaintiffs' Amended Verified Complaint fails to state sufficient facts to constitute a cause of action against these defendants.

FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

FOURTEENTH: That this Court lacks jurisdiction over the subject matter of this action inasmuch as there is no diversity of citizenship between the litigants as required by FRCP.

FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

FIFTEENTH: That all or part of the action is barred by the Doctrine of Collateral Estoppel or Res Judicata.

FOR AN EIGHTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

SIXTEENTH: The lawsuit brought by the plaintiffs is entirely without merit and is frivolous, subject to sanctions.

FOR A NINTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

SEVENTEENTH: That the party making claims failed to mitigate damages.

FOR A TENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

EIGHTEENTH: The plaintiffs' claims for punitive damages are barred.

FOR AN ELEVENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

NINETEENTH: The defendants are protected under a governmental immunity from claims of negligence.

FOR A TWELFTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

TWENTIETH: These claims are not ripe for determination before the Federal Court.

FOR A THIRTEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

TWENTY-FIRST: The claims are barred by failure to serve a timely Notice of Claim pursuant to Sections 50-e and 50-i of the General Municipal Law.

FOR A FOURTEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

TWENTY-SECOND: The claims are barred by the failure of plaintiffs to attend a hearing pursuant to Section 50-h of the General Municipal Law.

FOR A FIFTEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOW THIS COURT,
UPON INFORMATION AND BELIEF:

TWENTY-THIRD: Plaintiffs failed to exhaust their administrative remedies and have not completed the application for a permit and have not filed before the Zoning Board of Appeals.

AS AND FOR A COUNTERCLAIM AGAINST JOHN LEPPER AND NOELLE LEPPER, THE DEFENDANTS VILLAGE OF BABYLON; AND, RALPH SCORDINO, MAYOR, KEVIN MULDOWNEY, DEPUTY MAYOR, ROBYN SILVESTRI, VILLAGE TRUSTEE, TONY DAVIDA, VILLAGE TRUSTEE, MARY ADAMS, VILLAGE TRUSTEE; STEPHEN FELLMAN, VILLAGE OF BABYLON BUILDING INSPECTOR; SUZANNE SCHETTINO, DEPARTMENT OF PUBLIC WORKS; GERARD GLASS, ESQ., VILLAGE OF BABYLON ATTORNEY; AND DEBORAH LONGO, PLANNING BOARD, VILLAGE OF BABYLON, EACH INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, HEREBY ALLEGE:

TWENTY-FOURTH: That if the plaintiffs B.J.L. and B.I. were caused to sustain damages at the time and place set forth in the plaintiff's Amended Verified Complaint through any culpable conduct and/or negligence other than plaintiffs' own, and if said damages arose in whole or in part from the negligence of and/or culpable conduct of the defendants, VILLAGE OF BABYLON; and, RALPH SCORDINO, Mayor, KEVIN MULDOWNEY, Deputy Mayor, ROBYN SILVESTRI, Village Trustee, TONY DAVIDA, Village Trustee, MARY ADAMS, Village Trustee; STEPHEN FELLMAN, Village of Babylon Building Inspector; SUZANNE SCHETTINO, Department of Public Works; GERARD GLASS, Esq., Village of Babylon Attorney; and

DEBORAH LONGO, Planning Board, Village of Babylon, each individually and in their official capacity, and if any judgment is recovered herein by the plaintiffs B.J.L. and B.I. against the answering defendants, they will be damaged thereby and the answering defendants will be entitled to proportionate contribution and/or indemnity on the basis of the responsibility of the plaintiffs above named.

WHEREFORE, the answering defendants, VILLAGE OF BABYLON; and, RALPH SCORDINO, Mayor, KEVIN MULDOWNEY, Deputy Mayor, ROBYN SILVESTRI, Village Trustee, TONY DAVIDA, Village Trustee, MARY ADAMS, Village Trustee; STEPHEN FELLMAN, Village of Babylon Building Inspector; SUZANNE SCHETTINO, Department of Public Works; GERARD GLASS, Esq., Village of Babylon Attorney; and DEBORAH LONGO, Planning Board, Village of Babylon, each individually and in their official capacity, demand judgment dismissing the Amended Verified Complaint herein as to the answering defendants with costs, and further demand that the ultimate rights of the answering defendants and the plaintiffs as between themselves be determined in this action, and that the answering defendants have judgment over and against the plaintiffs for all or a part of any verdict or judgment which may be obtained herein by the plaintiffs against the answering defendants, together with costs and disbursements of this action.

Dated:  Mineola, New York
        January 29, 2019

Respectfully submitted,

KELLY, RODE & KELLY, LLP

BY: _____
ERIC P. TOSCA
Attorneys for Defendants
330 Old Country Road - Suite 305
Mineola, New York 11501
(516) 739-0400
Our File No.: PDG/EPT 148530-752

TO: LAW OFFICES OF CORY H. MORRIS
      Attorneys for Plaintiffs
      33 Walt Whitman Road - Suite 310
      Dix Hills, New York 11746
      (631) 450-2515

## ATTORNEY VERIFICATION

ERIC P. TOSCA, an attorney duly licensed to practice law before the courts of the State of New York and of the United States District Court, Eastern District, hereby affirms the truth of the following under the penalties of perjury:

I am a duly admitted and practicing Attorney-at-Law; that I am one of the attorneys for the defendants VILLAGE OF BABYLON; and, RALPH SCORDINO, Mayor, KEVIN MULDOWNEY, Deputy Mayor, ROBYN SILVESTRI, Village Trustee, TONY DAVIDA, Village Trustee, MARY ADAMS, Village Trustee; STEPHEN FELLMAN, Village of Babylon Building Inspector; SUZANNE SCHETTINO, Department of Public Works; GERARD GLASS, Esq., Village of Babylon Attorney; and DEBORAH LONGO, Planning Board, Village of Babylon, herein, and that I have read the foregoing ANSWER and know the contents thereof and that the same is true to my own knowledge, except as to those statements therein alleged to be upon information and belief and as to those statements, I believe it to be true.

The source of my knowledge is the contents of a file maintained in my office, which contains various reports of investigations, statements, interviews, copies of official documents, etc.

The reason this verification is not made by the defendants, is due to the fact that said defendants do not reside in the same county wherein I maintain my professional office; to wit: County of NASSAU.

_____
ERIC P. TOSCA

CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019, I served a true copy of the foregoing Defendants' Answer and Counterclaim to Plaintiffs' Amended Verified Complaint by mailing same in a sealed envelope, by first class mail with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

To:   LAW OFFICES OF CORY H. MORRIS
      Attorneys for Plaintiffs
      33 Walt Whitman Road
      Suite 310
      Dix Hills, New York 11746
      (631) 450-2515

ERIC P. TOSCA
E-Mail: eptosca@krklaw.com