

**LAW OFFICES OF CORY H. MORRIS**
ATTORNEY & COUNSELOR AT LAW

## Via Electronic Case Filing Only

July 13, 2019

Hon. Roslynn R. Mauskopf, USDJ  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

Hon. Judge Gary R. Brown, USMJ  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722-9014

**Re: Emergency Motion to Seal Docket Document 52-2;**  
*John Lepper et al. v. Village of Babylon*, 2:18–cv–07011 RRM-GRB;

Dear Hon. Roslynn R. Mauskopf and Hon. Judge Gary R. Brown:

On notice to Defendants, Plaintiffs respectfully request that this Honorable Court temporarily seal DE 52-2, excerpts of the deposition of John Lepper, filed by Counsel for Defendants on Friday, July 12, 2019 and to schedule a hearing as soon as possible to strike the improperly filed material from DE 52-2, impose sanctions on Defendants and Counsel for Defendants for filing such material, and such other relief this Court shall deem just and proper under the circumstances.

D.E. 52-2, page 141 lines 8–25, page 142, lines 2–25, and page 143, lines 2–11 contain sensitive, confidential and personal information about the Honorable Timothy Sini, Esq., Suffolk County District Attorney ("Sini"), a public official and law enforcement officer. The filing by Counsel for Defendants has exposed the residence address of the District Attorney, name of his wife, and the number and location of his infant children. District Attorney Sini and his family are not parties to this litigation.

### LEGAL ARGUMENT

Counsel for Defendants had no good faith basis to include this information in his Affirmation in opposition and reply to Plaintiffs' motion for judgment on the pleadings. See *N.L.R.B. v. Star Color Plate Serv.*, 843 F.2d 1507, 1510 n. 3 (2d Cir.) (rejecting attempt to raise new issue in reply brief even though issue was raised in previous proceeding), *cert. denied,* 488 U.S. 828, 109 S.Ct. 81, 102 L.Ed.2d 58 (1988); see also *Bendix Autolite Corp. v. Midwesco Enters.*, 486 U.S. 888, 895, 108 S.Ct. 2218, 2222-23, 100 L.Ed.2d 896 (1988) (refusing to evaluate an argument appellate court refused to consider because first raised in reply brief); *Lee v. Burkhart*, 991 F.2d 1004, 1010 n. 4 (2d Cir.1993) (declining to consider plaintiff's allegation raised for first time in reply brief).

1 | Page

Please send all mail to: 33 Walt Whitman Road, Suite 310 • Dix Hills, NY 11746  
TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com  
515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301  *By appointment only*

This Honorable Court should protect the confidentiality of private parties, District Attorney Sini, as the chief law enforcement officer of Suffolk County, from annoyance and harassment as well as any undue burden or expense this deliberate disclosure of personal information by the Defendant and Counsel for Defendants has caused.

It is well established that courts have an inherent equitable power to grant confidentiality orders. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35-36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Under Rule 26(c), "a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R.Civ.P. 26(c). This equitable power includes prohibiting the disclosure of certain materials. See Fed.R.Civ.P. 26(c)(A). "The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart,* 467 U.S. at 26, 104 S.Ct. 2199.

District Attorney Sini and his family are private citizens and not parties in this litigation and, as District Attorney, is entitled to a law enforcement privilege as recently affirmed by the Second Circuit. *See In re City of New York,* 607 F.3d 923, 944–45 (2d Cir.2010). The Court of Appeals provided the following guidelines, *id.* at 948: "First, the party asserting the law enforcement privilege bears the burden of showing that the privilege indeed applies to the documents at issue." *Id.* This is accomplished by demonstrating "that the documents contain information that the law enforcement privilege is intended to protect." *Id.* The law enforcement privilege encompasses: (1) information pertaining to law enforcement techniques and procedures; (2) information that undermines the confidentiality of sources; (3) information that would endanger witnesses and law enforcement personnel; (4) information that would undermine the privacy of individuals involved in an investigation; or (5) information that would seriously impair the ability of law enforcement agencies to conduct future investigations. (citing *In re City of New York,* 607 F.3d 923, 944-45 (2d Cir.2010)); see also *Morrissey v. City of New York,* 171 F.R.D. 85, 90 (S.D.N.Y.1997).

Counsel for Defendants, Eric Tosca, knew or should have known, and the attorney for the Village of Babylon, (Defendant Gerard Glass who whispered into Eric Tosca's ear during the deposition of John Lepper), knew, that such information was sensitive, should not be publicly filed and could not possibly be considered a pleading nonetheless one mentioned for the first time in reply. *N.L.R.B. v. Star Color Plate Serv.,* 843 F.2d at 1510 n. 3, *Lee v. Burkhart,* 991 F.2d at 1010 n. 4.

### D.E. 52-2 SHOULD BE TEMPORARILY SEALED IMMEDIATELY UNTIL THE SENSITIVE MATERIAL IS REDACTED

Defense counsel had no basis to file this deposition in a Motion for Judgment on the Pleadings. If Counsel for Defendants had any good faith basis to file this sensitive information (3 pages) from over 500 pages of transcript from the eight hours of Mr. John Lepper's deposition, counsel should have met and conferred or made some effort to redact this sensitive information.

2 | P a g e

The testimony of John Lepper mentioning District Attorney Sini and his family upon questioning should not have been submitted in reply to a motion to dismiss on the pleadings. It is certainly not a pleading. It reveals sensitive, confidential, personal information about the Suffolk County District Attorney that has no bearing on this case and therefore must be temporarily sealed before being redacted.

The Lepper family and their attorneys are keenly aware of and support the public's First Amendment Right(s) to access court filings; however, making a public record of privileged personal information about the chief law enforcement officer of Suffolk Count in a case in which he is not a party can only serve to harm him and his family and increase the risks to which they are already subject by virtue of their position.

The privacy interests of third parties carry great weight in the balancing of interests. *Dorsett v. County of Nassau*, 762 F. Supp. 2d at 517 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir.1995) ("determining that such interests are a venerable common law exception to the presumption of access."); see also *In re Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir.1990) (concluding that "the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the [] material should weigh heavily in a court's balancing equation").

There is no basis to submit this deposition as some kind of evidence on a reply to a Motion for Judgment on the Pleadings and especially before Mr. John Lepper has had the opportunity to review the transcript for accuracy. *Kelly v. City of New York*, No. 01 Civ. 8906, 2003 WL 548400, at *5 (S.D.N.Y. Feb. 24, 2003) (holding that the sensitive investigation records of non-party individuals should be "guard[ed] against disclosure that has the potential to invade their privacy and impair their personal reputations").

Further, USMJ A.K. Tomlinson held that "privacy interest has been also incorporated into the law enforcement privilege as it protects 'information that would undermine the privacy of individuals involved in an investigation.'" *Dorsett v. County of Nassau*, 762 F. Supp. 2d at 521 (citing *In re City of New York*, 607 F.3d 932, 948 (2d Cir. 2010).

Wherefore the Plaintiffs respectfully pray that this Honorable Court temporarily seal D.E. 52-2 pending redaction and sanction the Defendants and Counsel for Defendants to the extent of imposing the costs, expenses, and attorneys' fees incurred by the Plaintiffs on this application, all together with such other and further relief as this Court shall deem just and proper under the circumstances.

Respectfully Submitted,

CORY H. MORRIS

cc: Hon. Timothy Sini, Esq. (*via hand delivery only*)

Law Offices of Cory H. Morris • Attorney & Counselor at Law
TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com