John D. Kelly (1921-2000)
John Kenneth Rode (retired 2003)
Shawn P. Kelly
George J. Wilson
Loris Zeppieri
Kevin E. Way
Edward J. Kelly
Peter D. Garone
Brian M. Dunphy
Hilary M. Wissemann
Anita A. Ajiboye
Christopher M. Abiuso
Mahe-noor Baig
Evan J. Becker
Emma E. Browning
Jessica A. Crimi
Samantha L. DeSousa
Evan B. Feuerstein
Shannon E. Fillmore
Brian P. Flynn
Marili D. Gelardi
Christine M. Gibbons
Jerel T. Greenidge

**Kelly, Rode & Kelly, LLP**
Counsellors at Law
330 Old Country Road
Suite 305
Mineola, New York 11501
Tel. 516-739-0400  Fax 516-739-0434
Email info@krklaw.com
218 Griffing Avenue
Riverhead, New York 11904
ESTABLISHED IN 1956

Christina M. Gutierrez
Andrew D. Hallerman
Louis B. Imbroto
Karena K. Ioannou
Mary J. Joseph
Gunjan Kishore
Stephen F. Kusnetz
Rachel M. Mahoney
Laurence G. McDonnell
Patrick J. McGrath
John S. Meade IV
Ashley M. Pappas
Christopher J. Pedraita
Jennifer Prusiecki
Shikha M. Pursnani
Debra E. Ruderman
Tamir Saland
Steve K.F. Scott
Brian L. Smith
Eric P. Tosca

Firm Administrator
Thomas G. Schumm

January 27, 2021

Honorable Judge Anne Y. Shields, U.S.M.J.
United States District Court: Eastern District
100 Federal Plaza
P.O. Box 830
Central Islip, New York 11722
Courtroom 830

        Re: Lepper v. Village of Babylon, et al.
           Case No.: 2:18-CV-07011
           Our File No.: PDG/EPT 148530-752

Dear Honorable Judge Shields:

  I represent the surviving named defendants.

  In response to the plaintiffs' letter application to move for an extension of time to amend the complaint to add the personal representative of the late Ralph Scordino's estate or his distributees (Electronic Docket # 96), on behalf of the surviving defendants, we object. Plaintiffs alternatively request that the application be granted by letter. We object that a letter application without a formal motion is improper and, either request to move by formal motion or to seek relief by letter to amend the caption or for an extension of time, is untimely.

The suggestion of death was filed on November 3, 2020 (Electronic Docket # 90). Upon the death of Ralph Scordino, to the extent named in the caption in his official capacity as Mayor, the new Mayor replaced the late Mayor Scordino as Mayor of the Village of Babylon, by operation of law. *Federal Rules of Civil Procedure*, Rule 25(d).

Contrary to the implication in the letter from plaintiffs' counsel, there is no requirement that the party filing the suggestion of death identify a legal representative or successor. *Unicorn Tales v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998)["Therefore, we hold that Irene Banerjee's statement of the fact of death was sufficient to trigger Rule 25(a)(1) despite its failure to identify a legal representative or successor."] Without explanation, plaintiffs made no request regarding any personal representative until January 25, 2021 in an email request to me. Plaintiffs halfhearted attempt to now investigate whether there is an Estate and who the personal representative is, or whether an administrator is needed to be appointed in the absence of an Estate should not be countenanced.

Plaintiffs request without any basis to name distributees without identifying that an estate exists or has even been probated. The request is at best premature. Waiting until the last week before the expiration of the ninety-day time limit to begin inquiry into a proper substitution to add a personal representative to continue the suit against the late Mayor in his personal capacity is woefully late. Plaintiff's own cited case demonstrates that waiting until the end of the time allowed under Federal Rule 25 warrants denial of the plaintiffs' application. *Ashley v. Ill. C. G. R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983).

        Respectfully submitted,

        KELLY, RODE & KELLY, LLP

BY: *Eric P. Tosca*
       Eric P. Tosca

EPT:jl
Enc.

cc:    Via ECF
       LAW OFFICES OF CORY H. MORRIS
       Attorneys for Plaintiffs
       33 Walt Whitman Road
       Suite 310
       Dix Hills, New York 11746
       (631) 450-2515