2:20–cv–07011-JMA-AYS | 2:21-cv-00014-JMA-AYS

# United States District Court

## Eastern District of New York

**JOHN LEPPER** and **NOELLE LEPPER**, individually and as parents and natural guardians of their infant children, **B.J.L.** and **B.I.**; and

**JOHN LEPPER,** individually and, as a resident taxpayer of the Incorporated Village of Babylon, on behalf of all those other resident taxpayers of the Incorporated Village of Babylon so unfortunate as to be similarly afflicted and suffering economic damage as a result of the expenditure of Village funds for the inappropriate and improper defense of individual village officials engaged in the persecution of John Lepper for providing a treehouse in which his infant children might play,

*Plaintiffs*

*–against–*

**VILLAGE OF BABYLON;**
**THE ESTATE OF RALPH SCORDINO**, former Mayor, Village of Babylon, by its Legal Representative John and/or Jane Doe; **MARY ADAMS**, former Village Trustee and now Mayor; **KEVIN MULDOWNEY**, Deputy Mayor, **ROBYN SILVESTRI**, Village Trustee, **TONY DAVIDA**, Village Trustee, **STEPHEN FELLMAN**, Village of Babylon Building Inspector; **SUZANNE SCHETTINO**, Department of Public Works; **GERARD GLASS**, Esq., Village of Babylon Attorney; **DEBORAH LONGO**, Planning Board, Village of Babylon,

*Defendants*

## AMENDED CONSOLIDATED VERIFIED COMPLAINT

LAW OFFICES OF CORY H. MORRIS
*Attorney for Plaintiffs*
VICTOR JOHN YANNACONE, JR., *of counsel*

# TABLE OF CONTENTS

AMENDED CONSOLIDATED VERIFIED COMPLAINT ........................................3

PLAINTIFFS DEMAND A TRIAL BY JURY ......................................................3

PRELIMINARY STATEMENT...........................................................................3

INTRODUCTION............................................................................................3

JURISDICTION AND VENUE ..........................................................................5

ADMINISTRATIVE PROCEEDINGS AND TIMELINESS ......................................6

PARTIES .....................................................................................................6

THE FACTS..................................................................................................9

    THE CHILDREN'S TREEHOUSE ................................................................9

    JOHN LEPPER'S APPLICATION..............................................................12

    OTHER STRUCTURES IN THE VILLAGE OF BABYLON ..............................15

    THE PROSECUTION OF JOHN LEPPER ...................................................20

    VILLAGE JUSTICE COURT PROSECUTION I ...........................................22

    THE VILLAGE COURT PROCEEDINGS II.................................................23

    THE ORDER OF VILLAGE JUSTICE RAFTER ...........................................27

    POST-TRIAL ACTIONS AGAINST JOHN LEPPER ......................................30

    THE SECOND WAVE OF PROSECUTIONS AGAINST JOHN LEPPER ............31

    COMMENCEMENT OF THE FIRST ACTION ..............................................33

    PLAINTIFF'S APPEAL TO THE APPELLATE TERM ...................................35

GENERAL COMPLAINTS BY THE PLAINTIFF .................................................36

THE BASIS FOR EQUITABLE RELIEF.............................................................38

DEFENDANTS FAIL TO ESTABLISH ANY CONSTITUTIONAL BASIS FOR EXERCISE OF THE "POLICE POWER" .................................................................38

DEFENDANTS USE LEGAL PROCESS, FINES AND PROSECUTION TO SILENCE JOHN LEPPER AND VIOLATE HIS FIRST AMENDMENT RIGHTS .............. 39

VILLAGE OF BABYLON CODE § 365–26 FORECLOSES AGE-APPROPRIATE PRIVATE RIGHTS OF ASSEMBLY AND ASSOCIATION ON ARBITRARY GROUNDS AND ARE THEREFORE TECHNICALLY CAPRICIOUS AS WELL AND CERTAINLY UNDERINCLUSIVE. ..................................................... 41

PLAINTIFF JOHN LEPPER'S RIGHTS ARE BEING VIOLATED BY THE THREAT OF CONTINUED FINES ........................................................................ 43

PROSECUTION OF JOHN LEPPER BY THE DEFENDANTS IS AN UNCONSTITUTIONAL TAKING OF HIS PROPERTY ................................. 45

THE EXCESSIVE FINES THREATED BY THE VILLAGE OF BABYLON VIOLATE THE EIGHTH AMENDMENT ..................................................................... 46

PLAINTIFF'S "MONELL" CLAIM; 42 U.S.C. §1983 ........................................ 47

PLAINTIFF SEEKS INJUNCTIVE RELIEF ......................................................... 50

FEDERAL & PENDENT STATE LAW CLAIMS ................................................. 51

MALICIOUS PROSECUTION ......................................................................... 52

EXTRA-JUDICIAL ACTIONS AGAINST JOHN LEPPER .................................... 53

THE ROLE OF THE VILLAGE ATTORNEY ...................................................... 54

ABUSE OF PROCESS ..................................................................................... 56

NEGLIGENCE ................................................................................................ 56

NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS .. 57

DEFAMATION ............................................................................................... 58

PRIMA FACIE TORT ...................................................................................... 58

INJURIES AND DAMAGES ............................................................................. 58

PRAYER FOR RELIEF .................................................................................... 59

VERIFICATION ............................................................................................. 62

ii

### AMENDED CONSOLIDATED VERIFIED COMPLAINT

Plaintiff John Lepper files this amended consolidated verified complaint by his attorneys,  the Law Office of Cory H. Morris, pursuant to the direction of United States District Judge Joan M. Azrack entered on January 14, 2021.

### PLAINTIFFS DEMAND A TRIAL BY JURY

### PRELIMINARY STATEMENT

This is a civil action seeking a declaratory judgment, and equitable relief, together with compensatory, general, and punitive damages, costs, disbursements, and attorneys' fees from the Defendants for violating Plaintiff's civil, constitutional, and human rights, under the Fourth, Fifth, Eighth  and Fourteenth Amendment to the United States Constitution and New York State Law; and for their negligence, abuse of process, negligent and/or intentional infliction of emotional distress, and prima facie tort resulting in injury and damage to the Plaintiff, together with judgment on behalf of himself and all those other resident taxpayers of the Incorporated Village of Babylon so unfortunate as to be similarly afflicted and suffering economic damage as a result of the expenditure of Village funds for the inappropriate and improper defense of individual village officials engaged in the persecution of John Lepper for providing a treehouse in which his infant children might play .

### INTRODUCTION

1.   Plaintiff, John Lepper, alleges that Defendants, jointly and severally, individually and collectively, intentionally, knowingly, wantonly, negligently, and/or recklessly, sought to

and did wrongfully deprive him of his civil, constitutional, and human rights by committing acts under color of law to deprive him of his civil, constitutional, and human rights.

2. Plaintiff, John Lepper, alleges that Defendant Village of Babylon was negligent in training, hiring and supervising its Village of Babylon Attorney, Defendant Gerard Glass, and was deliberately indifferent to the actions of Gerard Glass who, among other things, sought to profit off of the malicious prosecution of Plaintiff in derogation of prosecutorial ethics.

3. Plaintiff, John Lepper alleges that Defendant Village of Babylon is liable to the Plaintiffs for abuse of process, malicious prosecution.

4. Defendant Village of Babylon conspired in prosecuting Plaintiff, an innocent taxpayer, in the hiring and supervising its employees, inclusive of Defendant Gerard Glass, who profited enormously from the same prosecution and being sued as a Defendant under Docket No. 18-cv-7011.

5. Defendants, individually and collectively, knew and had reason to know that the seizure, false prosecution, threats against Plaintiff, accusatory instruments charging "treehouse without a permit" and retaliation against Plaintiff, would cause damages and were intended to silence the Plaintiff at enormous costs to the Village of Babylon taxpayer.

6. Accordingly, Defendant Village of Babylon is liable to the Plaintiff for abuse of process, malicious prosecution, retaliation and for conspiring to condone and encourage such civil rights violations together with conspiring to and violating Plaintiff's Civil Rights.

4

7. As a result of the Defendants' actions or lack thereof, Plaintiff John Lepper suffered emotional scarring and suffering, and incurred significant cost and expenses due to the Defendants' actions, including but not limited to substantial legal fees, loss of good name and standing in the community, emotional distress and other cost/expenses.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

9. This Honorable Court is requested to exercise supplemental jurisdiction with respect to Plaintiffs' State Law claims pursuant to 28 U.S.C. §1367.

10. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

11. This action is also brought pursuant to the Declaratory Judgment Act, under 28 U.S.C. §§ 2201–2202, to address the specific and anticipated harm Plaintiffs and all other similarly situated residents within the Village of Babylon.

12. Declaratory relief is necessary whether or not Defendant Village of Babylon discontinues prosecution against John Lepper so long as the threat of prosecution for violation of Village of Babylon Code Section 365–26 continues to exist.

13. Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in Suffolk County, New York.

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

14. This action has been commenced within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986.

15. There are no effective New York state or federal administrative remedies available to the John Lepper.

16. Plaintiff has exhausted any potentially effective administrative remedies.

17. On or about December 7, 2018, Plaintiffs filed a Notice of Claim against the Village of Babylon.

18. Thereafter Plaintiffs were available for the purpose of an examination under the provisions of General Municipal Law § 50-h, however, Defendants chose not to conduct such examination.

19. On January 9, 2019, Defendants stipulated to waive the affirmative defense(s) of jurisdiction and service of process.

20. On or about March 10, 2020 Plaintiff John Lepper filed a Second Notice of Claim against the Village of Babylon.

21. Plaintiff John Lepper has been examined under the provisions of General Municipal Law § 50-h.

22. Defendants refused to adjust the claim and more than ninety (90) days have passed.

## PARTIES

23. Plaintiff, JOHN LEPPER is a citizen of the United States, an honorably discharged United States Marine presently employed as a member of the Fire Department of the City of

New York and resides at 59 Cockenoe Avenue, in the Incorporated Village of Babylon, Suffolk County, New York.

24. John Lepper is a lawful owner together with Noelle Lepper, his wife, of 59 Cockenoe Avenue, a corner lot of 7,575 square feet (0.1739 acres) with 50.50 feet frontage along Cockenoe Avenue, a 50 foot public roadway, and 150 feet frontage along Wampum Road, a 33 foot public roadway. in the Incorporated Village of Babylon, in the Town of Babylon, Suffolk County, New York and identified on the Suffolk County Tax Map as parcel 0102–004.00–01.00–100.00. The property appears in its present configuration as Lots 19B & 19C in Block F as shown on Map of Sampwam Park–Annex filed on October 31, 1921 as Map No: 758 in the Incorporated Village of Babylon, Town of Babylon, Suffolk County, New York (hereinafter referred to as the "Subject Property").

25. As a resident taxpayer of the Incorporated Village of Babylon, Plaintiff John Lepper is a suitable and proper representative Plaintiff with sufficient knowledge of the facts and circumstances surrounding the subject matter of this litigation to act as a Representative Plaintiff for the purpose of preventing waste of Village funds and recovery of funds already improperly expended by the Incorporated Village of Babylon.

26. Infant B.J.L. is a minor and the natural child born of the union of John Lepper and Noelle Lepper.

27. Infant B.L. is a minor and the natural child born of the union of John Lepper and Noelle Lepper.

28. At all times relevant in this Complaint, and upon information and belief, Defendant Village of Babylon, is a recipient of

federal funding and was a recipient of federal funding at the time of the events complained of herein.

29. Defendant Village of Babylon is an incorporated Village located within the Town of Babylon in Suffolk County, New York.

30. Defendant Village of Babylon is governed by an elected Mayor and four elected Trustees, collectively the Babylon Village Board.

31. According to information posted on the Village of Babylon website at http://www.villageofbabylonny.gov/ Defendant Ralph Scordino, who was the duly elected Mayor has died before the date of this complaint and Defendant Mary Adams is now the Mayor, Defendant Kevin Muldowney, is the Deputy Mayor, and Defendants Robyn Silvestri, Tony Davida, Dominic Bencivenga and Anthony Cardali were and/or are Village of Babylon Trustees.

32. Upon information and belief, Ralph Scordino died on or about October 29, 2020, however, Defendants, individually, collectively, or by counsel have not yet filed a copy of his death certificate with this Court in this action.

33. Upon information and belief, no Legal Representative (or next of kin) has been served or appointed to represent the Estate of the late Ralph Scordino. See D.E. 90.

34. Upon information and belief, Defendant Stephen Fellman is the Village of Babylon Building Inspector; Defendant Suzanne Schettino, directs the Department of Public Works; Defendant Gerard Glass, Esq. is the Village of Babylon Attorney; and Defendant Deborah Longo, is involved in administration of the Village of Babylon Planning Board.

8

35.   All of the individual named Defendants are being sued in both their individual and official capacities.

## THE FACTS

36.   This is the second lawsuit filed by John Lepper against these actors, the first seeking injunctive relief related to the pending destruction and forcible removal of the treehouse discussed herein and filed as D.E. 8, on December 17, 2018 under Docket Number 18-cv-7011:

37.   In April, 2018, Plaintiff, John Lepper, found a syringe and a hypodermic needle which he reasonably presumed to be utilized in illegal drug use, in his front yard when he was playing with his children. He informed his neighbors immediately and was outspoken in trying to find a remedy to shield his children from potential disease and harm caused by used hypodermic needles.

## THE CHILDREN'S TREEHOUSE

38.   The following is a true and accurate aerial view of the Lepper property and its surrounding neighborhood identifying the location where the hypodermic needle was found.



39.  On or about May 3, 2018, Plaintiff John Lepper began to
     utilize timbers from an old boat house that was destroyed in
     Superstorm Sandy to create a treehouse to insulate his
     children from the hypodermic needles he found in and around
     his property at 59 Cockenoe Avenue within the Village of
     Babylon.

40.  The following Lepper family neighbors can see the treehouse
     from their property: Joe and Joanne Mineo and their sons
     M.M. and N.M.; Pay and Keirsten Murphy and their daughter
     G.; Kevin and Lyndsey and their children A. and S.; Joe and
     Katelyn and their two pre-school-age children, all of whom
     live on Cockenoe Ave; and Mike And Josephine Domingo and
     their three college-age daughters who live on Wampum Rd.

10

41. By letter dated May 10, 2018, Village of Babylon Building Inspector Stephen Fellman informed Mr. Lepper that "It has come to my attention that you are building a structure, in the rear/front yard of the above referenced premises, that may require a building permit."

42. Village of Babylon Code § 365–26, § A, states: "No building shall hereafter be erected and no existing building shall be structurally altered or added to on any lot, plot or premises and no excavation or work of any nature shall commence in connection therewith, nor shall any use of an existing building be changed until a permit authorizing the same shall have been issued by the Building Inspector. The Building Inspector shall require that the application for a permit and the accompanying plot plan, plans and specifications shall contain all information necessary to enable him to determine whether the proposed building addition or structural alterations or change of use to an existing building comply with the provisions of this chapter and Chapter 171, Flood Damage Prevention, where applicable."

43. Village of Babylon Code § 365–26 C(3) states "A building permit shall be required when an outdoor playground or gym (or any combination) exceeds a lot area of 90 square feet."

44. In response to the May 10, 2018 letter from Defendant Fellman, Plaintiffs stopped work on the treehouse for their children.

45. Upon information and belief, Defendant elected officials, Ralph Scordino, Mayor, Kevin Muldowney, Deputy Mayor, Robyn Silvestri, Village Trustee, Tony Davida, Village Trustee and Mary Adams, Village Trustee were jointly and

severally, individually and collectively, responsible for allowing such notice to be sent to Plaintiffs.

46. Defendant elected officials, Ralph Scordino, Mayor, Kevin Muldowney, Deputy Mayor, Robyn Silvestri, Village Trustee, Tony Davida, Village Trustee and Mary Adams, Village Trustee jointly and severally, individually and collectively, were responsible for the continuing violations of the civil and Constitutional rights of and retaliation Plaintiff for attempting to assert those rights.

## JOHN LEPPER'S APPLICATION

47. On or about May 21st, 2018, Plaintiff John Lepper visited the Building Department office of Defendant Village of Babylon; completed a building permit application and submitted a front elevation / framing drawing with a copy of a recent survey of the Lepper Family Home, a copy of which is annexed hereto and made a part of this complaint designated Exhibit 1 (D.E. 26, Exhibit 4).

48. An unidentified Building Department employee, "Jane Doe", to whom Plaintiff John Lepper submitted the application commented that she usually did not receive such a detailed drawing from homeowners.

49. While at the Village of Babylon Building Department on or about May 21, 2018, Plaintiff John Lepper spoke with another employee of Defendant Village of Babylon, Holly Zappala, and told her that a used hypodermic needle was found on his property, and other used hypodermic needles were being found in the area and that he had concerns for the well-being of his family.

50. On or about May 21, 2018, while at the Village of Babylon Building Department office, John Lepper spoke with another

employee of Defendant Village of Babylon, Holly Zappala, and told her that he had found a used hypodermic needle on his property, and other used hypodermic needles were being found in the immediate neighborhood of his property and that he had concerns for the well-being of his family.

51.   Ms. Zappala told Plaintiff John Lepper that Defendant Village of Babylon was aware of drug-related crimes and the presence of hypodermic instruments prior to April, 2018 and that she and the Village of Babylon administration may be aware of criminal activity occurring on the subject premises and toward the Lepper Family.

52.   Plaintiff John Lepper, confident he was protecting his family and speaking out toward remedying the crime occurring on his property and the scourge of heroin in his community, spoke to and informed everyone present in the Village of Babylon building department on May 21, 2018 that it was his intention to build the treehouse for his son's birthday on July 7th, 2018 to allow his son the liberty and free use of the subject premises while maintaining a safe distance from the criminal activity in the neighborhood and the larger criminal narcotic problem known to the Village of Babylon.

53.   The following is a true and correct copy of the survey of the Lepper property indicating the location of the children's treehouse:


THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY BLANK.

13

Case 2:18-cv-07011-JMA-AYS   Document 105   Filed 03/04/21   Page 15 of 63 PageID #: 1765



54. Upon information and belief, Defendants jointly and severally, individually and collectively, failed to act upon or even acknowledge Plaintiffs' efforts to comply with the Village of Babylon Code.

### OTHER STRUCTURES IN THE VILLAGE OF BABYLON

55. For example, Defendants actually responded to others similarly situated who attempted to comply with the code, such as the application of 99 Park Avenue, Village of Babylon, County of Suffolk, State of New York:



56. Upon information and belief, persons like Thomas C. Bruckner, submitted handwritten drawings such as the following that were acted upon while Plaintiff's were not:



57.    Defendants, jointly and severally, individually and collectively, knew and/or had reason to know that the Plaintiff Lepper parents sought to use their real-property in a manner that would contribute to and benefit the education and personal growth of their infant children.

58.    Defendants, jointly and severally, individually and collectively, never intended to act upon Plaintiffs' building permit application.

59.    Defendants, jointly and severally, individually and collectively, apparently intended to take advantage of the voluntary, but not legally required, application filed by John Lepper for a permit to construct a tree house for his children as a vehicle to charge Plaintiffs with violations of Village of Babylon Code Section 365–26 and collect fines from Plaintiffs

16

by simply refusing to consider and act upon the application by Plaintiff, John Lepper.

60.    On June 15, 2018, Plaintiff John Lepper called the Village of Babylon Building Department to check on the status of his application and was told by an unidentified employee, Jane Doe, that no determination had been made as to whether Mr. Lepper's treehouse was in violation of the town code.

61.    Plaintiff John Lepper immediately ceased construction and assembly of the partially fabricated treehouse as soon as he had been ordered to do so by Building Inspector Fellman.

62.    Determined to either delay construction of an innocuous and code-compliant treehouse solely for the benefit of minor children, or harass and intimidate the Lepper family by destroying their infant son's eagerly anticipated birthday present, the Defendants, jointly and severally, individually and collectively, refused to issue the appropriate building permit or withdraw the "stop work" order.

63.    Within hours of his son's birthday, Plaintiffs John decided to complete the treehouse and raise his children in the manner and safe-guard them from what he had already advised the Defendants was the scourge of drug abuse and the criminal activity known to be occurring in his neighborhood and already visited upon his property.

64.    Mr. Lepper's neighbor had a similar structure in the air, abutting the property line, and Village of Babylon officials know about the same structure yet chose to prosecute John Lepper not his neighbor or others.

65.   In 18-cv-7011, John Lepper presented photographic evidence to the Defendants and this Honorable Court that a number of treehouses and similar structures existed throughout the Incorporated Village of Babylon but not subject to the onerous requirements imposed upon John Lepper.

66.   Other treehouse/unpermitted structures may by placed close to the water and perhaps may incur maritime violations should the Defendants peer deep enough into this intellectual abscess that  continues to persist with respect to the Lepper family treehouse and, specifically, John Lepper.

67.   The following is a true and accurate photograph of a similar such structure existing within the Village of Babylon, County of Suffolk, State of New York:

68.   While these treehouse type structures, mostly utilized by children as part of Americana—that pursuit of happiness for which the United States of America professed

18

belongs to all— come in all shapes and sizes and nearly all of them do not have building permits:

69. The following is a true and accurate photograph of a another such structure existing within the Village of Babylon, County of Suffolk, State of New York that does not seem to be a treehouse but most certainly abuts the property line and appears to have a finished roof and siding, yet has not been subject to the onerous requirements, prosecutions, fines or threats imposed upon John Lepper and his family, as considered in Docket No: 18-cv-7011:



70. More recently, on or about June 19, 2020, one Richard J.J. Sullivan, Jr. filed an application with the Building Department of the Village of Babylon a copy of which was produced by the Defendants only after Plaintiff filed a demand under the New York State Freedom of Information Law (FOIL). A copy of that Building Permit Application is attached hereto and made a part hereof as the fourth page of Exhibit 2, the FOIL production with respect to 250 Fire Island Avenue. See D.E. 103.

71. A copy of photographs of the Sullivan treehouse produced by the Defendants in response to Plaintiff's FOIL demand is attached hereto and made a part hereof as the sixth through ninth pages of Exhibit 2.

72. On or about July 2, 2020, Defendant Stephen R. Fellman issued Certificate of Occupancy No. 20–00106 to "Maintain Play Structure" at 250 Fire Island Avenue.  See *Id.*

### THE PROSECUTION OF JOHN LEPPER

73. On July 19, 2018, John Lepper received by certified mail three accusatory instruments dated July 11th,12th & 13th each of which stated John Lepper was in violation of Village of Babylon Code § 365–26 for construction of a treehouse without a permit.

74. In response, on July 19, 2018, Plaintiff John Lepper immediately visited the Village of Babylon Building Department to inquire about the three summons he had received. He was told that he needed to make an appointment with Building Inspector Fellman and a meeting was scheduled for July 24, 2018.

75. Plaintiff John Lepper met with Defendant Building Inspector Fellman on July 24, 2018 and asked Defendant Building Inspector Fellman about each essentially identical citation which merely concluded that a "treehouse" violated Village of Babylon Code § 365–26. In response, Defendant Building Inspector Fellman stated that Mr. Lepper owed $250 for the first accusatory instrument, $500 for the second accusatory instrument and $1,000 for the third accusatory instrument.

76. Plaintiff John Lepper met with Defendant Building Inspector Fellman on July 24, 2018 and asked Defendant Building Inspector Fellman about each essentially identical citation which merely concluded that a "treehouse" violated Village of Babylon Code § 365–26. At that time, Mr. Lepper had not received any notice of action on his application or any notice

that he was in violation of the Code for providing a treehouse for his children.

77.   In response, Defendant Building Inspector Fellman stated that Mr. Lepper owed $250 for the first accusatory instrument, $500 for the second accusatory instrument and $1,000 for the third accusatory instrument.

78.   Plaintiff John Lepper protested to Defendant Building Inspector Fellman that not only were such fines unwarranted and excessive but that no prior notice of any violation had been provided to the Lepper family.

79.   Building Inspector Fellman told Mr. Lepper to resolve the matter in Court on August 14, 2018.

80.   Upon information and belief, Defendant Village of Babylon is more concerned with punishing taxpaying residents and extorting unconscionable fines from them for questionable violations of obscure and arcane, vague and ambiguous ordinances extracting fines out of law abiding resident property owners than providing municipal services such a promptly processing an application for a building permit.

81.   Among the parents and children who visited the Treehouse prior to August 14 hearing were: Joe and Joanne Mineo and their sons, M.M. age 14 and N.M. age 16; , Pat and Kirsten Murphy and their daughter G.M., age 7; Terri McSweeney and Cindy McSweeney with E.M., age 7 and P.M., age 5; Steve Kazda and Amanda Kazda and their sons, J.K., age 6 and J.K. age 4; Mike Columbia and Christina Columbia and their daughters, C.C., age 6 and C.C., age 4; Mike Pagamo and Doreen Pagamo and M.P., age 8 and M.P., age 6; Charlie Lepper and Deena Lepper and their children, J.L., age 14;

J.L., age 10, and C.L., age 8; a 93 year old WWII veteran, and Barbra who is over 65 years of age.

## VILLAGE JUSTICE COURT PROSECUTION I

82. Plaintiff John Lepper who is a New York City firefighter sought a continuance of the hearing scheduled for August 14, 2018 from the afternoon session of the Court to the evening session in order for him to attend a memorial service for a brother firefighter who had died of illnesses from service at the 9/11 scene. Village Judge John T. Rafter denied the request and Firefighter Lepper was forced to leave the Memorial service before it was completed, arriving in Court at precisely 1400 hours still in his Class A uniform.

83. Village Judge John T. Rafter and Defendant Gerard Glass, the Babylon Village attorney acting as the prosecutor both knew that Mr. Lepper was unrepresented by counsel, and that he was facing fines which might amount to $1,750 together with court costs and the possibility of continued and continuing prosecution, yet at no time did Village Judge Rafter or Village Attorney Glass ever warn the Defendant or advise him not only of his right to counsel, but because of the questionable nature of the charges and the circumstances of the prosecution the real need to consult an attorney before proceeding any further in his own defense.

84. Upon information and belief, the wife of Village Judge John T. Rafter works with the complainant who instigated the prosecution of the Lepper Family for erecting a treehouse for their children and the children of the neighborhood.

85. Upon information and belief, Defendant elected officials, Ralph Scordino, Mayor, Kevin Muldowney, Deputy Mayor, Robyn Silvestri, Village Trustee, Tony Davida, Village

22

Trustee and Mary Adams, Village Trustee conveyed to Village Justice John Rafter and other employees of Defendant Village of Babylon such as Building Inspector Fellman their desire to collect money from fines following convictions of Village of Babylon residents who had the temerity to challenge the unsupported judgment of Defendant Building Inspector Fellman that a violation of Village of Babylon Code Section 365–26 existed.

86.  Defendants, jointly and severally, individually and collectively, engaged in this course of conduct to raise revenue and receive monies to which Defendant Village of Babylon would not otherwise be entitled.

87.  On or about August 14, 2018, Stephen Fellman, as Babylon Village Building Inspector wrote to Mr. Lepper declaring that "Per § 116 Unsafe Structures of the International Building Code the tree house at the above referenced premises is hereby deemed an unsafe structure and may not be occupied until such time a Certificate of Occupancy is issued."

88.  There is no substantial credible evidence that the Village of Babylon ever adopted the International Building Code nor incorporated its § 116 as part of the Village of Babylon Code.

89.  No substantial credible evidence has ever been presented showing that the Lepper family treehouse is in any way unsafe for its intended use, an arboreal playhouse, by the Lepper children and other children.

## THE VILLAGE COURT PROCEEDINGS II

90.  Defendant Village Attorney Glass requested an adjournment of the hearing scheduled for September 4, 2018 and Village Judge Rafter issued a verbal "stop work" order and asked Mr.

Leper "to unplug the light." Then he adjourned the case to September 18, 2018.

91.   Upon information and belief, on September 18, 2018, Village Judge Rafter learned that the office of Defendant Village of Babylon Mayor had received a complaint regarding John Lepper.

92.   Upon information and belief, the late Defendant Mayor Ralph Scordino played golf with Village Judge John T. Rafter and discussed matters pending in the Village Court, including the prosecution of John Lepper.

93.   Village Judge Rafter never informed Mr. Lepper, who was appearing pro se without benefit of counsel, of his rights to receive information about the complaint and the complainant; his right to challenge the accusatory instruments that merely stated, "Tree House" and were unsigned as legally insufficient.

94.   Nevertheless, Village Judge Rafter did inquire of Mr. Lepper, pro se, about his efforts at complying with the Village of Babylon Code § 365–26 and the permit application which Mr. Lepper voluntarily filed.

95.   Mr. Lepper informed Village Judge Rafter that his building permit application had been accepted by the employees of the Village of Babylon Building Department.

96.   The following interaction took place between Mr. Lepper and Village Judge:

JUDGE RAFTER: Okay . Did you have an understanding of what the purpose of the permit is?

MR. LEPPER: Yes sir .

24

> JUDGE RAFTER: What was your understanding of what the purpose of the permit was?
>
> MR. LEPPER: A construction permit was required for a structure being put up according to building code 365–26 it's not required for under 90 square feet. And I explained that to Mr. Fellman .
>
> JUDGE RAFTER: I will interpret the code, sir .
>
> MR. LEPPER: Okay .
>
> JUDGE RAFTER: Neither you nor Mr. Fellman will interpret the code. (Trial transcript of September 18, 2018, 10:3–23:)

97. Already, Village Judge Rafter was imputing fault on the pro se Defendant, John Lepper who had attempted to comply with what was a patently vague and ambiguous ordinance:

> JUDGE RAFTER: Did you have an understanding of that before you undertook the construction?
>
> MR . LEPPER: Not exactly, sir. Because I did not think that a permit was required for what I was putting up. (Trial transcript September 18, 2018, 11:12–19.)

98. Village Judge Rafter continued to make the case for the prosecutor, Defendant Village Attorney Glass, who at no time objected to the line of inquiry of the accused, Mr. Lepper:

> JUDGE RAFTER: Did you contact the building department before you began construction or even contemplated construction of a tree house?
>
> MR. LEPPER: Yes. On the 19th when I submitted the application. Prior to the platform no , sir. I did not think a permit was required for a tree house. I was not sure. (Trial transcript September 18, 2018, 12:2–14)

99. Rather than credit the sworn testimony of John Lepper. A pro se Defendant, and presumed innocent until proven guilty beyond reasonable doubt, Village Judge Rafter continued to push the burden onto Mr. Lepper who provided sworn

evidence that he submitted a permit application prior to construction and prior to the issuance of any accusatory instrument by Village of Babylon:

JUDGER RAFTER: What is the basis of your objection?

MR . LEPPER: That was submitted on May 19th after I received the letter from Mr. Fellman regarding construction of the tree house without a permit. That was accepted by the office upstairs on May 19th and it was complete.

JUDGE RAFTER : You note there is no date on this. Do you have any proof as to when it was received?

MR . LEPPER : I was given a copy of the drawing I made and the survey that it was received. (Trial transcript September 18, 2018, 35:7–23)

100.  Determined to convict the pro se Defendant John Lepper, Village Judge Rafter interrupts Defendant Village Attorney Glass when questioning Defendant Building Inspector Fellman during the trial about Mr. Lepper's contention that the Lepper Family Treehouse did not require a permit:

MR. GLASS: Mr. Fellman, it's your contention that under the Babylon Village code 365–26 there was no building permit for this structure -- this tree house, correct?

MR, FELLMAN: Correct.

MR. GLASS: Is there any provision of the Babylon Village code that would exempt one in the Village of Babylon from having to obtain a building permit based up on the facts you have testified to?

JUDGE RAFTER: Mr. Glass , I think that calls for a conclusion of law. So I am not going to permit him to answer that.

MR. GLASS: Okay. I have nothing further .

JUDGE RAFTER: You can ask in his opinion as a violation of the code and then set forth the facts upon which he bases his opinion. And then I would make the ultimate determination.

26

MR . GLASS: Judge, perhaps this should be the question then. Is there any provision of the code that exempts tree houses from obtaining a building permit?

MR . FELLMAN: No .

MR. GLASS: Okay. I have nothing further judge. (Trial transcript September 18, 2018, 39:11–25, 40:2–22)

101.  Most telling is the testimony from Defendant Building Inspector Fellman that "we can issue violations every 24 hours." (Trial transcript September 18, 2018, 45:11–12)

102.  Village Judge Rafter convicted John Lepper by Order dated October 17, 2018 yet, as was stated on the record on November 20, 2018, did not recuse himself or allow further inquiry into his wife's relationship with the complainant who, upon information and belief, submitted a complaint against the Lepper Family Treehouse.

103.  In his decision, Village Judge Rafter stated that the "testimony of Stephan Fellman…established that he visited the premises in question on May 9, 2018, following receipt of a complaint in the Mayor's office that a treehouse was being constructed," yet no such complaint was ever shown to Mr. Lepper although he requested a copy on several occasions, nor was it produced during the trial.

104.  To date no such complaint has been produced albeit it is known and John Lepper has reason to know that it is the product of the conspiracy between and among the Defendants.

## THE ORDER OF VILLAGE JUSTICE RAFTER

105.  On or about October 17, 2018, after a trial singularly deficient in the procedural due process which should have been afforded a pro se defendant in a quasi-criminal proceeding,

Mr. Lepper was found in violation of § 365–26 of the Village of Babylon Code based upon a reference by Hon. John T. Rafter to the Merriam-Webster definition of a building without any citation to the edition and year of publication of that dictionary or explanation of whether it had ever been adopted as an element of the Village of Babylon Code.

106. The Order by Village Judge Rafter finding John. Lepper in violation of § 365–26 of the Village of Babylon Code required Village Judge Rafter to use a definition of "building" from a dictionary since it was not defined in the Village of Babylon Code: "The Merriam-Webster Dictionary defines a building as follows; A structure that is designed or intended for support, enclosure, shelter or protection of persons, animals or property having a permanent roof that is support by columns or walls." (Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 1)

107. Without referring to the remaining provisions of the Village of Babylon Code governing children's play gyms and the expansive use of "any combination," Judge Rafter states "The Court hereby specifically finds that the treehouse in question constituted a "building" within the meaning of the subject Code section." (Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 3)

108. In that same October 17, 2018 Order finding Mr. Lepper in violation of § 365–26 of the Village of Babylon Code Village Judge Rafter states, "it is noted that the Notice of Violation is not signed by any representative of the Village of Babylon." (Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 2)

109. In his October 17, 2018 Order finding Mr. Lepper in violation of § 365–26 of the Village of Babylon Code Village Judge Rafter finds that "Defendant [Mr. Lepper] did apply for a permit" (Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 2.) but then states without any reference to the record, "but his application was deemed incomplete as it did not contain a drawing from a licensed architect or engineer." (Decision and Order of Village Justice John Rafter dated October 17, 2018, p. 2.)

110. The Village of Babylon never required "a drawing from a licensed architect or engineer" from any other "elevated playhouse" or treehouse that now exists in the Village.

111. There is no evidence that the Lepper family was ever informed by any representative of the Village of Babylon that such a "drawing" was required for a children's tree house of less than 90 square feet floor area.

112. If, in fact, the Village of Babylon Code Section 365–26 does require such an expensive document to obtain a permit for a children's tree house of less than 90 square feet of floor area it essentially prevents a homeowner from the legal and proper use of their real property and is on its face a violation of Plaintiffs' civil, constitutional and human rights associated with title to real property and the quiet enjoyment of that property as a family.

113. Indeed, as per the application of Thomas C. Bruckner concerning 99 Park Avenue, Village of Babylon, County of Suffolk, State of New York,  and the application of Richard J.J. Sullivan, Jr. concerning 250 Fire Island Avenue, this requirement was pretextual.

29

## POST-TRIAL ACTIONS AGAINST JOHN LEPPER

114. On October 17, 2018, after the Order of Village Judge Rafter was delivered by code enforcement, John Lepper went to Village Court to inquire about appeal.

115. The next day, October 18, 2018, Babylon Village Attorney Gerard Glass sent a letter to the Lepper Family, stating, in toto, that "As you know this office is counsel to the Village of Babylon. The Court has rendered its decision. Please let me know your intentions. Thank you for your attention and courtesies herein."

116. The day after Attorney Glass sent his letter, and two days after the Order was issued, Building Inspector Fellman stated in a letter that, "On October 17, 2018 Village Justice John Rafter found you guilty of each offense listed on various summonses you received regarding the construction of a treehouse within your front yard setback. I, as Building Inspector, am ordering the continuation of the stop work order barring any further construction or occupancy of the tree house."

117. Building Inspector Fellman concluded his October 19, 2018 letter with the threat that the Lepper Family "must remove the tree house in its entirety or summonses may be issued on a daily basis."

118. The threat of accruing daily fines, issued by Defendant Fellman and repeated in open court by Defendant Gerard Glass, persists to this very day.

## THE SECOND WAVE OF PROSECUTIONS AGAINST
## JOHN LEPPER

119. Rather than allow the Lepper family sufficient time to appeal or seek counsel to elapse, the Defendants, jointly and severally, individually and collectively, did work together to injure the Plaintiff Lepper family; silence the Lepper family from speaking out about community problems, and did engage in an abuse of legal process to have Mr. Lepper remove the Lepper Family Treehouse.

120. Defendant Building Inspector Fellman did issue multiple additional accusatory instruments concerning the Lepper Family Treehouse on October 31, 2018.

121. On November 5, 2018, John Lepper paid the fines imposed on him by Village Judge Rafter in his October 17th Order.

122. On November 13, 2018, the day of a hearing scheduled for trial on accusatory instruments previously issued by Building Inspector Fellman, Building Inspector Fellman created and filed a document designated "Accusatory Instrument/Information for State and Village Ordinances" asserting John Lepper "did wrongfully and unlawfully commit the offense of Section 365–26 Construction without a Permit," followed by a recital of "§365–26 Permit Required; Materials to be submitted."

123. Nowhere in that putative Accusatory Instrument/Information and the ordinance quoted therein is there any mention of the need for any drawing by an "architect or engineer."

124. Nowhere in the application of Thomas C. Bruckner 99 Park Avenue, Village of Babylon, County of Suffolk, State of New York is such a requirement nor is there a requirement on any

31

of the treehouses/boathouses which have been allowed to exist in the Village of Babylon without permits.

125. In that putative Accusatory Instrument/Information, Building Inspector Fellman alleges that he "did observe the defendant [John Lepper] erected a treehouse without a building permit. Further after a stop work order was issued on 10/19/18 barring any further construction or occupancy of the treehouse the defendant added lights."

126. On November 13, 2018, Village Justice John Rafter conducted a hearing on the accusatory instrument issued on October 20, 2018.

127. November 16, 2018, Plaintiff John Lepper filed a Notice of Appeal, a FOIL request, and a Litigation Hold Notice.

128. On November 20, 2018, a hearing was held before Village Justice Rafter concerning an alleged October 20th Violation and two additional from Halloween.

129. On November 20, 2018, through counsel, Mr. Lepper asked the Court to enjoin the daily issuance of fines so that Mr. Lepper may resolve the new set of accusatory instruments against him on the merits but the Hon. John T. Rafter refused to do so.

130. On November 21, 2018, John Lepper tried to obtain copies of exhibits that were missing from the trial on September 18, 2018. After waiting two hours he was denied copies.

131. On November 27, 2018, at approximately 1515 hours Plaintiff John Lepper filed a Motion to dismiss the outstanding accusatory instruments together with a letter from Attorney Morris requesting copies of the exhibits from the trial on September 18, 2018.

132. On November 27, 2018, at 8pm Mt. Lepper attended a Babylon Village Board of Trustees meeting with Joe Mineo and Nick Montalto.

## COMMENCEMENT OF THE FIRST ACTION

133. On December 10, 2018, Plaintiff filed a Verified Complaint accompanied by an Order to Show Cause and the matter was heard before Hon. Joseph F. Bianco.

134. Defendant Gerald Glass, Esq. did state in open Court on December 10, 2018 that the Village of Babylon utilized daily fines against purported Village of Babylon Code violators to obtain compliance.

135. Defendant Gerald Glass, Esq. did represent in open Court on December 10, 2018 that the Village of Babylon intends to require building permits for any treehouse structure in the Village of Babylon.

136. Defendant Gerald Glass, Esq. did state in open Court on December 10, 2018 that the Village of Babylon took issue with a temporary electric extension cord to a tree on Plaintiffs" private property and sought to enjoin the use of a light that illuminated Plaintiffs American Flag and the adjoining street where illegal drug activity had taken place.



137. According to statements made by Defendant Gerald Glass in open Court on December 10, 2018, the attempts of Defendant elected officials Ralph Scordino, Mayor, Kevin Muldowney, Deputy Mayor, Robyn Silvestri, Village Trustee, Tony Davida, Village Trustee, Mary Adams, Village Trustee, to enforce Village of Babylon Code Section 365–26 was a thinly disguised effort to extort money from the Plaintiff.

138. Defendant Gerald Glass, speaking on behalf of all Defendants, did wish to enjoin Plaintiff from efforts at ameliorating the drug use that occurred on and around his property by illuminating the street.

139. Defendant Gerald Glass, on December 10, 2018 before this Honorable Court, did provide several admissions as to the true intentions of Defendants, jointly and severally, individually and collectively, to punish Plaintiffs for every day that the Lepper Family Treehouse existed.

34

140. Defendant Gerald Glass, Esq. did state in open Court on December 10, 2018 that the Village of Babylon was monitoring Plaintiffs' property.

141. Defendant Gerald Glass, Esq. did state in open Court on December 10, 2018 that the Village of Babylon was conducting surveillance of Plaintiffs' property and the family activities thereon.

142. Defendant Gerard Glass, Esq. did proceed to profit as being sued as a named Defendant along with the Village of Babylon as further discussed below.

## PLAINTIFF'S APPEAL TO THE APPELLATE TERM

143. John Lepper did appeal the convictions of the lower court.

144. *People* v *Lepper (John)* 2019 NY Slip Op 52117(U) was decided on December 19, 2019 by the Appellate Term, Second Department (hereinafter "Appellate Term Decision") which held that "The accusatory instruments…fail to allege facts of an evidentiary nature establishing the nature of the work that defendant performed on the tree house, namely, that defendant had erected the tree house, structurally altered it or changed the use thereof…[and]… Therefore, the accusatory instruments fail to allege every element of the offense." *Id.*

145. According to a *Newsday* Article, Keldy Ortiz, *Homeowner who built treehouse serves claim against Village of Babylon,* Newsday (April 30, 2020), https://nwsdy.li/3oO9VZu, Defendant Gerard Glass "said the December decision[, Appellate Term Decision], was based on a technicality."

146. Defendant Gerard Glass stated to *Newsday*, "Babylon Village attorney Gerard Glass says the decision is no surprise

35

because village officials knew there was an issue in the way the summons was written, and they could not correct it after the fact." See Deborah S. Morris, "Permit not needed for Babylon treehouse, court rules," *Newsday* (January 2, 2020), https://nwsdy.li/3oOa9zO.

147. Defendant Gerard Glass admits that Defendants knew of this issue yet proceeded, not only in the prosecution but in demanding daily fines and removal/alteration of the Lepper treehouse.

148. Referring to the Appellate Term decision, Defendant Gerard Glass is quoted as stating that "This has no impact on the case whatsoever," Glass said. "This has nothing to do with the substantive issues of the cause of why he didn't get a building permit." *Newsday* (January 2, 2020), https://nwsdy.li/3oOa9zO.

## GENERAL COMPLAINTS BY THE PLAINTIFF

149. As evidenced by, among other things, the significant number of unpermitted structures in the nature of treehouses, boathouses, and play houses within the Village of Babylon, Defendants lacked probable cause for actively prosecuting John Lepper.

150. Defendants, jointly and severally, individually and collectively, through Defendant Building Inspector Fellman, did issue accusatory instruments against Mr. Lepper in retaliation for his speaking out about matters of public concern in and around the Village of Babylon.

151. Defendants, jointly and severally, individually and collectively, through Defendant Building Inspector Fellman, did issue accusatory instruments against Mr. Lepper to

further the wishes of some unidentified complainant and in derogation of the constitutional rights of the John Lepper and his family.

152. Defendants, jointly and severally, individually and collectively, through Defendant Building Inspector Fellman, did issue accusatory instruments to Mr. Lepper carrying criminal sanctions without allowing Mr. Lepper the opportunity to comply with or otherwise challenge the actions of the Village of Babylon.

153. Defendants, jointly and severally, individually and collectively, through Defendant Building Inspector Fellman, did issue accusatory instruments to obtain monies and property to which Defendants were not entitled.

154. Defendants, jointly and severally, individually and collectively, knew and had reason to know that their actions were unjustified and without probable cause.

155. Defendants, jointly and severally, individually and collectively, knew and had reason to know that their actions would cause harm to and inflict distress upon the Plaintiff.

156. The Defendants, jointly and severally, individually and collectively, continue to oppress the Lepper family and cast a cloud of criminality over their persons, home, and family.

157. Among the examples of the organized oppression of the Lepper family by the Defendants, jointly and severally, individually and collectively, has been the wrongful delay and outright refusal to provide Mr. Lepper with the exhibits from his trial before Village Judge Rafter along with evidence requested, required to be produced or requested under the Freedom of Information Law.

## THE BASIS FOR EQUITABLE RELIEF

158. Defendant Village of Babylon through the threats of Building Inspector Fellman continues to insist that the Lepper family tear down and completely remove their children's treehouse under threat of daily fines of up to $1,000 each day.

159. As a result of such demands and threats, the Lepper family is in imminent danger of serious, permanent, and irreparable economic damage.

160. The Lepper family continues to live in fear that they will suffer serious economic punishment for a reasonable use of their own private property and their temerity in exercising their First Amendment rights by speaking out against the unconscionable actions of the Defendants in depriving the Lepper family of their liberty interest in raising their children as they see necessary which included trying to protect their infant children from exposure to hypodermic needles on the ground by building them a safe harbor in the air; and then retaliating against the Lepper family for speaking out.

161. John Lepper and his family has no adequate remedy at law.

## DEFENDANTS FAIL TO ESTABLISH ANY CONSTITUTIONAL BASIS FOR EXERCISE OF THE "POLICE POWER"

162. Defendant Village of Babylon has not established any association between Village of Babylon Code § 365–26 and the public health, safety and welfare of the residents of the Village of Babylon.

163. There is no substantial credible evidence that the Lepper family children's treehouse represents a threat, much less a

danger, to the health, safety, and welfare of the residents of the Village of Babylon.

164. Staying enforcement of the ordinance pending the resolution of this action and a declaration of the constitutionality and enforceability of Village of Babylon Code § 365–26 will not cause any harm and/or damage to the residents of the Incorporated Village of Babylon.

### DEFENDANTS USE LEGAL PROCESS, FINES AND PROSECUTION TO SILENCE JOHN LEPPER AND VIOLATE HIS FIRST AMENDMENT RIGHTS

165. Defendants have constrained the ability of John Lepper to create a treehouse for his infant children shortly after he spoke out against the criminal activity occurring within Village of Babylon.

166. Defendants have retaliated against John Leper for exercising his rights under the First Amendment.

167. Attorney Eric Tosca, representing the same Defendants in Lepper v. Village of Babylon, 18-cv-7011 tried to make an emergency application to enjoin the press from attending and John Lepper from contacting the press when it had its purported inspection of the subject premises.

168. Defendants knew and had reason to know that John Lepper intended to build a treehouse to remove their children from, and allow their children to play without, the danger of contact with hypodermic needles on the ground which had been discarded from the street and public walkways onto the Lepper property.

169. Defendants knew and had reason to know that John Lepper spoke publicly against the hypodermic needles found on his

property, crime in his community and the safety and well-being of his children.

170. In response to his identifying the problem of the hypodermic needles and their indication of a community drug problem and bringing the issues before the administration of the Village of Babylon, Defendants, individually and collectively, did conspire and act to deprive Mr. Lepper of his rights under the First, Fourth, Fifth, Eighth and Fourteen Amendment by ordering immediate and total removal of the treehouse he built for his children under the threat of continuing confiscatory fines and penalties.

171. Defendants, individually and collectively, did act to deprive John Lepper of his rights under the First, Fourth, Fifth, Eighth and Fourteen Amendments to the United States Constitution while knowing and having reason to know that Mr. Lepper fully complied with the permit process of the Village of Babylon Code, and by obfuscating an already arcane and obscure administrative process in order to cause injury to John Lepper and his family.

172. Rather than remedy the problem of drug abuse in the community or address the concerns Plaintiff John Lepper expressed about the dangers of the discarded hypodermic needles which could have been addressed by Village of Babylon Code Enforcement, Defendants accepted the building permit which Mr. Lepper filed and the fee which he tendered without any intention of processing the application or even acknowledging its existence in their later prosecution in the Babylon Village Court.

173. Upon information and belief, Defendants at the behest of an unnamed and unidentified complainant did conspire and plan

to issue accusatory instruments to Mr. Lepper with the ultimate goal of obtaining money, removing all remnants of a then unfinished treehouse, and punishing the Lepper family for exercising their constitutional rights.

174. On May 10, 2018, Defendants acknowledged that the treehouse did not violate any provision of the Village of Babylon Code by accepting the building permit application and required fee.

175. Defendants concede that notice of all three violations which were each dated in May, 2018, were actually sent to Mr. Lepper in July, 2018.

176. Defendants delayed processing the Lepper building permit for his children's treehouse and by failing to acknowledge and/or act upon the application, created a situation where fines would accrue against John Lepper for lack of a permit and cause Plaintiff John Lepper serious, permanent, and irreparable economic damage.

177. Defendants caused quasi criminal process to issue against the Lepper family to silence the Plaintiff John Lepper and violate his civil and constitutional rights.

### VILLAGE OF BABYLON CODE § 365–26 FORECLOSES AGE-APPROPRIATE PRIVATE RIGHTS OF ASSEMBLY AND ASSOCIATION ON ARBITRARY GROUNDS AND ARE THEREFORE TECHNICALLY CAPRICIOUS AS WELL AND CERTAINLY UNDERINCLUSIVE.

178. Plaintiff John Lepper has a constitutionally protected liberty interest in his property.

179. Plaintiff John Lepper has the right to establish a home and bring up children.

180. Plaintiff John Lepper has the right to direct the upbringing and education of his infant children.

181. Plaintiff John Lepper has the right to speak to the news/press without retaliation or fear of retaliation by the Defendants.

182. Plaintiff John Lepper has the right and duty to nurture his children and maintain the physical homestead environment in which they will grow and mature.

183. A special respect for individual liberty in the home has long been part of our culture and our law.

184. Defendants issued legal process to silence the Plaintiffs and to remove the Lepper Family Treehouse without probable cause and a proper finding that the children's treehouse would represent a danger to the public health and safety of the residents of the Village of Babylon and thereby violated the constitutional rights, due process and liberty interests of Plaintiff John Lepper without due process of law.

185. Defendants took action within the span of forty-eight hours to find Mr. Lepper guilty of a crime and then threaten daily fines if the treehouse was not removed, however, they still have not acted upon the permit application filed by John Lepper over two years ago.

186. The conviction of an unrepresented *pro se* Defendant, John Lepper, in the Babylon Village Justice Court and the unjustified fines imposed by Village Judge Rafter were an unconstitutional attempt to silence Plaintiff John Lepper and intimidate him from speaking out against government ineptitude, the scourge of drugs, and his intention to do something about it on his own property.

187. Defendants actions in the prosecution of Plaintiff John Lepper violated his civil and constitutional, his liberty rights, and his rights to due process, enjoyment of property, freedom of assembly, and the ability to associate with others on his property without the fear of government intrusion or reprisal.

188. Defendants violated the civil and constitutional rights of Plaintiff John Lepper by the unsupported citation of the Lepper Family Treehouse as an unsafe structure in violation of the International Building Code without any legal, much less equitable, basis therefore.

189. Building Inspector Fellman never presented any substantial credible evidence identifying the nature and manner he claimed the treehouse was an unsafe treehouse.

## PLAINTIFF JOHN LEPPER'S RIGHTS ARE BEING VIOLATED BY THE THREAT OF CONTINUED FINES

190. Village of Babylon Code § 365–26 is criminal in nature.

191. The fines associated with Village of Babylon Code § 365–26 are punitive, doubling and tripling and culminating in the demand for the removal of private property without due process.

192. The actions of Defendants in enforcing Village of Babylon Code § 365–26 against Plaintiff John Lepper and threatening to continue enforcement with successive process and escalating fines and penalties for the very same conduct violate the Constitutional Rights of the Lepper family by subjecting them to repeated double jeopardy.

193. John Lepper raised this issue before the Honorable John T. Rafter who ignored the issues, then convicted Mr. Lepper, an

unrepresented, *pro se* defendant without any substantial credible evidence of guilt or legally sufficient instrument.

194. The accrual of multiple accusatory instruments, existing unfounded convictions of three violations and pending prosecution of further accusatory instruments establishes the imminent danger of serious, permanent, and irreparable economic damage and the likelihood that such danger will be continued according to the sworn testimony of Defendant Building Inspector Fellman. As a result, Plaintiff John Lepper has been placed in jeopardy repeatedly for the same alleged criminal offense.

195. Defendants, jointly and severally, individually and collectively, had a duty not to subject Plaintiff John Lepper to constitutional violations, summary punishment, improper and inappropriate charges of Babylon Village Code violations, malicious prosecution, abuse of process, false and improper investigation.

196. Defendants, jointly and severally, individually and collectively, through their conduct, acts, and omissions acted outrageously and beyond the bounds of decency in attempting to coerce Plaintiff into removing a lawful children's treehouse from their property by threatening ongoing and continued legal proceedings with the potential for confiscatory fines and imprisonment and filing unjustified and unsupportable criminal charges against and imposing summary punishment and excessive fines upon Plaintiff for allegedly violating an unconstitutional ordinance, Village of Babylon Code §365–26; together with concealing and attempting to cover up the wrongs done to Plaintiff; and defaming, slandering and failing to redress the grievances done to the Plaintiff.

44

197. Defendants, jointly and severally, individually and collectively, violated the Plaintiff's rights secured under the United States Constitution and the New York State Constitution.

## PROSECUTION OF JOHN LEPPER BY THE DEFENDANTS IS AN UNCONSTITUTIONAL TAKING OF HIS PROPERTY

198. Village of Babylon Code § 365–26 is unconstitutional:

199. Village of Babylon Code § 365–26 as enforced by the Defendants against the Plaintiff John Lepper is unconstitutionally vague, overbroad, and violates the civil and constitutional rights of John Lepper guaranteed under the First, Fourth, Fifth, and Fourteenth Amendment of the Constitution.

200. Village of Babylon Code § 365–26 fails to give Plaintiff John Lepper fair notice that building a treehouse of less than 90 square feet is forbidden by the Code.

201. Village of Babylon Code § 365–26 does not provide guidance to ordinary homeowners as to whether building a treehouse for their infant children might be construed as a violation subjecting them to criminal prosecution.

202. Village of Babylon Code § 365–26 encourages arbitrary and erratic arrests and convictions.

203. The accusatory instruments charging Plaintiff John Lepper with violating Village of Babylon Code § 365–26 for building a treehouse for his infant children were based upon the malice and/or animosity of a neighbor.

204. Village of Babylon Code § 365–26 fails to meet the fundamental principle of statutory construction for laws with criminal penalties by failing to set forth minimal guidelines to guide and govern law enforcement.

205. As evidenced by the Kafkaesque prosecution and continued litigation over a treehouse for the infant Lepper children on their own property, Village of Babylon Code § 365–26 allows law enforcement and local government to pursue their personal animosity in violation of the civil and constitutional rights of the Plaintiff.

206. Village of Babylon Code § 365–26 has been utilized to obtain monies from Mr. Lepper under threat of continuing fines, liens on the Lepper family home, and/or incarceration.

### THE EXCESSIVE FINES THREATED BY THE VILLAGE OF BABYLON VIOLATE THE EIGHTH AMENDMENT

207. Because of the criminal nature of Village of Babylon Code Section 365–26, Plaintiff John Lepper can suffer fines up to one-thousand dollars per day during the existence of his children's treehouse.

208. The Eighth Amendment of the United States Constitution protects against unreasonable and excessive fines.

209. Defendants, and specifically as stated in open Court by Gerald Glass, Esq. on December 10, 2018, intend on utilizing daily fines to enforce Village of Babylon Code § 365–26.

210. Village of Babylon Code § 365–26 can result in fines amounting to thousand(s) of dollars even though no further action was taken by the Plaintiff thereby establishing that the fines are associated with the mere existence of the children's treehouse, not its use.

46

211. Defendants, jointly and severally, individually and collectively, know and have reason to know that such daily fines are excessive and extortionate in nature.

212. Defendants, as stated in open Court by Defendant Gerald Glass, Esq. as Village Attorney on December 10, 2018, discussed utilizing daily fines as part of their "package of tools" to enforce Village of Babylon Code § 365–26.

213. Defendants as stated in open Court by Defendant Gerald Glass, Esq. as Village Attorney on December 10, 2018, opined that the existence of the Lepper Family Treehouse was deserving of daily fines by Defendants utilizing Village of Babylon Code § 365–26.

214. Plaintiff needs to take no further action for Defendants to issue additional daily fines.

215. According to Defendants, and specifically as stated in open Court by Defendant Gerald Glass, Esq. as Village Attorney on December 10, 2018, Defendants could simply observe and fine Plaintiff everyday he sought to defend himself in court.

216. Defendants, collectively through their attorney and agent Defendant Gerard Glass as Village Attorney, did admit in open Court on December 10, 2018 that the Village of Babylon did use exorbitant fines to obtain property, or revenue or coerce action to which Defendants are not otherwise entitled.

217. Accordingly, Plaintiffs are damaged and seek enjoinment of the enforcement of Village of Babylon Code Section 365–26.

### PLAINTIFF'S "MONELL" CLAIM; 42 U.S.C. §1983

218. Plaintiff John Lepper as a resident taxpayer of the Incorporated Village of Babylon has standing individually

47

and, as a resident taxpayer of the Incorporated Village of Babylon, on behalf of all those other resident taxpayers of the Incorporated Village of Babylon so unfortunate as to be similarly afflicted and suffering economic damage as a result of the expenditure of Village funds for the inappropriate and improper defense of individual village officials engaged in the persecution of John Lepper for providing a treehouse in which his infant children might play.

219. Defendant elected officials, jointly and severally, individually and collectively, failed to adequately and properly train, supervise, manage, and control their employees, particularly Building Inspector Fellman, and the Defendant Village of Babylon prosecutor, Gerard Glass, in the administration of the Village of Babylon Code Section 365–26 as a result of which John Lepper has suffered injury and damage.

220. Defendant elected officials, jointly and severally, individually and collectively, were responsible for the administration and operation of the Village of Babylon.

221. Defendant elected officials, jointly and severally, individually and collectively, were responsible for policy and decision making in the Village of Babylon.

222. Defendant elected officials, jointly and severally, individually and collectively, actively established or permitted to exist a Village wide policy of denial of due process and equal protection in the administration and enforcement of the Village of Babylon Code, in this specific case Section 365–26.

223. Defendants, jointly and severally, individually and collectively, subjected Plaintiff John Lepper to selective enforcement of Village of Babylon Code Section 365–26 and

disparate treatment from that afforded similarly situated property owners.

224. Defendant elected officials, jointly and severally, individually and collectively, failed to remediate the actions taken against the John Lepper for erecting treehouse as an arboreal playhouse for his infant children and continues to harass, threaten, and attempt to coerce John Lepper into removing their children's treehouse.

225. Defendant elected officials, jointly and severally, individually and collectively, failed to remediate the actions taken against John Lepper for speaking out against criminal activity, exercising his right to dissent, appeal from the court, seek redress in a court of law and being politically active within the Village of Babylon.

226. Defendant elected officials, jointly and severally, individually and collectively, have continued to subject John Lepper to continued prosecution for alleged violations of Village of Babylon Code Section 365–26 as part of a cover up for the unjustified and improper earlier prosecution and conviction of Plaintiff John Lepper for violating Village of Babylon Code Section 365–26 by erecting a treehouse of less than 90 square feet "lot area" for his infant children.

227. Defendant elected officials, jointly and severally, individually and collectively, knew, or should have known, that there was no system or procedure in place for reporting, investigating, or remediating incidents involving harassment of Village residents by means of the Village of Babylon Code other than this litigation.

228. Defendant elected officials, jointly and severally, individually and collectively, maintained a deliberate indifference to the

49

human, civil, and constitutional rights of Plaintiff John Lepper.

## PLAINTIFF SEEKS INJUNCTIVE RELIEF

229. Plaintiff John Lepper seeks to enjoin the daily fines and continued enforcement of Village of Babylon Code § 365–26 as against him as unconstitutional.

230. The elected officials, particularly the Village Judge, and all the employees, agents of, and consultants to the Incorporated Village of Babylon have a clear and unequivocal duty to all the resident property owners of the Village to assure them peaceful and quiet enjoyment of their homes and property according to the ancient and long standing maxim of at the heart of common law equity jurisprudence, *sic utere tuo ut alienum non laedas*, enjoining everyone to use their own property in such a way as not to injure that of another.

231. Defendant Village of Babylon seeks to limit the use of the Plaintiff's real property while it imposes no similar restriction on other property within the Village of Babylon.

232. Village of Babylon Code §326–26 can only be enforceable if it is a proper exercise of the police powers of the State by the Village of Babylon.

233. Village of Babylon Code §326–26 should be considered a zoning regulation.

234. To impose fines and even imprisonment for erecting a "building… on any lot, plot or premises" in the Village of Babylon "until a permit authorizing the same shall have been issued by the Building Inspector" (Village of Babylon Code §326–26.) without defining "building" and the phrase, "lot,

plot or premises" creates a vague, ambiguous, and essentially meaningless ordinance.

235. Each of the accusatory instruments lodged against Defendant Lepper is based on the claim that erecting a treehouse of less than 90 square feet without a building permit or variance from the Zoning Board of Appeals is a violation of the Village of Babylon Code Section 365–26.

## FEDERAL & PENDENT STATE LAW CLAIMS

236. Defendants, jointly and severally, individually and collectively, had a duty not to subject Plaintiff John Lepper to constitutional violations, summary punishment, improper and inappropriate charges of Babylon Village Code violations malicious prosecution, abuse of process, false and improper investigation.

237. Defendants, jointly and severally, individually and collectively, through their conduct, acts, and omissions acted outrageously and beyond the bounds of decency in (a) attempting to coerce Plaintiffs into removing a lawful children's treehouse from their property by threatening ongoing and continued legal proceedings with the potential for confiscatory fines and imprisonment; (b) filing unjustified and unsupportable criminal charges against and imposing summary punishment and excessive fines upon Plaintiffs for allegedly violating an unconstitutional ordinance, Village of Babylon Code Section 365–26; and (c) concealing and attempting to cover up the wrongs done to Plaintiffs; and defaming, slandering and failing to redress the grievances done to the Plaintiff.

238. Defendants, jointly and severally, individually and collectively, violated the Plaintiff's rights secured under the

51

United States Constitution and the New York State Constitution.

## MALICIOUS PROSECUTION
### (New York and Federal Law)

239. The actions of the Defendants, jointly and severally, individually and collectively, in prosecuting John Lepper for building an elevated playhouse for his children are a perversion of proper legal procedures in violation of his personal liberty and privacy interests under the Fourth Amendment.

240. Defendants actions, as discussed above, were undertaken to punish John Lepper for speaking out against IV drug use in the Village of Babylon near his home.

241. Defendants, collectively, did act to punish John Lepper, defame John Lepper, harass and intimidate and seize John Lepper by legal process, threat of arrest and prosecution.

242. Defendants, collectively, did pay large and inappropriate fees to Defendant Gerard Glass as Village Attorney/Prosecutor to prosecute John Lepper and defend the violations of the civil and Constitutional rights of Plaintiff by the Incorporated Village of Babylon.

243. Decedent Mayor Ralph Scordino did ask the Suffolk County Police Department to arrest John Lepper without probable cause, causing the seizure of John Lepper, discussed below.

244. The actions of the Defendants, jointly and severally, individually and collectively, in prosecuting John Lepper for building an elevated playhouse for his children were initiated or continued against him, with malice and without probable cause.

## EXTRA-JUDICIAL ACTIONS AGAINST JOHN LEPPER

245. Defendants, individually and collectively, did contact the Suffolk County Police Department and make false allegations seeking to have John Lepper falsely arrested and prosecuted.

246. The late mayor, Defendant Ralph Scordino, in conspiracy with others, did contact the Suffolk County Police Department to make a criminal complaint against John Lepper.

247. On February 4th 2020, Detective Brian Greenze and another Suffolk County detective from Suffolk County Police Headquarters in Yaphank arrived at the home of John Lepper's mother asking to speak to him.

248. Det. Green told John Lepper that Village of Babylon Mayor Ralph Scardino and Town of Babylon Councilman Terry McSweeney had complained that they "felt threatened" by John Lepper and that he was "following" them.

249. Defendants, individually and collectively, did make these false accusations to injure John Lepper, subject John Lepper to seizure and/or arrest and attempted to have the Suffolk County Police Department prosecute John Lepper.

250. In April 2019, Defendants conspired to send a letter to Commissioner Nigro of the FDNY further efforts to slander, defame and harm John Lepper, who is a New York City firefighter, by complaining to the FDNY that firefighter Lepper broke FDNY rules by wearing his Class-A uniform in a courtroom to gain special favoritism from the Babylon Village Justice Court and further that he committed a criminal act against the late Mayor Ralph Sciordino.

251. As a result of the conspiracy (42 U.S.C. §§ 1983, 1985 and 1986) perpetrated by and contributed to by the Defendants, jointly and severally, individually and collectively, John Lepper was forced to obtain representation from Eric Bischoff and defense by TJ McManus, Esq. of Sullivan, Block, and McGarry.

252. At the time the Defendants, jointly and severally, individually and collectively, conspired to facilitate the complaint to the FDNY they knew that John Lepper had sought a continuance of the hearing scheduled for August 14, 2018 from the afternoon session of the Court to the evening session in order for him to attend a memorial service for a brother firefighter who had died of illness from service at the 9/11 scene.

253. At the instance of Village Prosecutor Gerard Glass, Village Justice John T. Rafter denied the request and Firefighter Lepper was forced to leave the Memorial service before it was completed, in order to arrive in Court at precisely 1400 hours, but still in his Class A uniform.

254. Defendants actions were the actual and proximate cause of harm, embarrassment, accruing legal fees and other damages.

## THE ROLE OF THE VILLAGE ATTORNEY

255. In response to a *Newsday* Article stating that taxpayers are "paying more than $50,000 in legal costs associated with a backyard treehouse they didn't help construct and can't enjoy for themselves." Keldy Ortiz, "Dispute over little backyard treehouse costs Babylon Village residents big bucks," *Newsday* (September 27, 2020), https://nwsdy.li/3lKnoQ0, Defendant Gerard "Glass defended the cost — $54,749 — to help the village tackle the lawsuits Lepper has filed."

256. According to *Newsday*, Village of Babylon Records show the following monies were paid to Gerard Glass relating to a child's treehouse: Dec. 1 to Dec. 31, 2018: $7,450; Jan. 9 to June 27, 2019: $21,824; June 28 to Sept. 30, 2019: $9,425; Oct. 1 to Jan. 16, 2020: $16,050.

257. Actual malice by the Defendants against Plaintiff John Lepper is evidenced by paying Village Attorney Gerard Glass well over $50,000.00 USD, in addition to the $75,000.00 USD he makes as a part-time prosecutor for the Village of Babylon.

258. The American Bar Association recommends that "Prosecutors whose professional obligations are devoted full-time and exclusively to the prosecution function are preferable to part-time prosecutors who have other potentially conflicting professional responsibilities." American Bar Association, *Criminal Justice Standards for the Prosecution Function,* Fourth Edition (2017), Rule 3-2.1(a)(iii); *available at* https://bit.ly/3oJPCwb.

259. Indeed, "The prosecutor should not permit the prosecutor's professional judgment or obligations to be affected by the prosecutor's personal, political, financial, professional, business, property, or other interests or relationships. A prosecutor should not allow interests in personal advancement or aggrandizement to affect judgments regarding what is in the best interests of justice in any case." https://bit.ly/3oJPCwb at Rule 3-1.7(f)

260. Defendant Gerard Glass, Esq., as Village Attorney/Prosecutor utilized his part-time position to prosecute a child's treehouse with instruments he later admitted were legally insufficient.

261. Gerard Glass profited at the costs of taxpayers "For 72 hours and 25 minutes between Jan. 9, 2019, and June 27, 2019, the

village received a bill from Glass of $21,725. During that time, the village received bills for various instances related to the cases with Lepper, including phone calls with village officials, a *Newsday* reporter and attending a deposition of Lepper, according to invoices." Keldy Ortiz, "Dispute over little backyard treehouse costs Babylon Village residents big bucks," *Newsday* (September 27, 2020), https://nwsdy.li/3lKnoQ0.

## ABUSE OF PROCESS
### (New York and Federal Law)

262. Defendant Village of Babylon employed regularly issued legal process to compel Plaintiff to remove a children's treehouse.

263. As discussed more fully above, Defendants, jointly and severally, individually and collectively, in order to obtain a collateral objective that is outside the legitimate ends of the process did cause a series of unfounded accusatory instruments to be issued against Plaintiff John Lepper.

264. Defendants, jointly and severally, individually and collectively, intended to do harm and cause damage to Plaintiff John Lepper and his family without justification.

## NEGLIGENCE

265. Defendants, jointly and severally, individually and collectively, had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to the Plaintiff Lepper family.

266. Defendant Village of Babylon was negligent, careless, and reckless in the treatment of Plaintiffs by failing to train, supervise, discipline and investigate its employees involved in the instant matter.

267. Defendant Village of Babylon knew or should have known of its employees' propensities for the conduct which caused substantial and severe injury to the Plaintiff.

268. Defendants acted negligently in violating the civil, Constitutional, and human rights of the Plaintiff.

## NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

269. Defendants, individually and/or collectively, jointly and/or severally, acted outrageously and beyond the bounds of decency in violating the civil rights and liberty interests of the Plaintiff causing him to suffer pain, shame, humiliation and anguish.

270. The reprehensible, extreme and outrageous conduct of the Defendants, jointly and severally, individually and collectively, against Plaintiffs occurred with intent and full knowledge that their conduct would cause severe and extreme emotional and psychological harm to Plaintiff.

271. Defendants did fail to investigate improper use of criminal process but, rather, Defendants began to conspire and cover up such actions by prosecuting criminal charges and threatening Plaintiff with unjust and excessive fines and threatened loss of their property.

272. The Defendants knew or had reason to know that Plaintiff John Lepper was guilty of no wrongdoing.

273. Defendants, jointly and severally, individually and collectively, acted with knowledge and reason to know that their conduct would cause severe and extreme emotional and physical harm to Plaintiff.

## DEFAMATION

274. Plaintiff John Lepper is being harassed by the Village of Babylon and the individual defendants, to the extent that the Lepper family use of their property is being monitored and the curtilage of their property invaded without due process on what appears to be a daily basis for the purpose of attempting to fabricate charges of Babylon Village Code violations for further prosecution.

275. Defendants, individually, collectively, jointly and severally falsely accused John Lepper of breaking the law(s).

276. As a result of said defamation, Plaintiff John Lepper continue to suffer from humiliation, loss of standing in the community, loss of self-esteem and public esteem, public disgrace and severe/extreme emotional distress.

## PRIMA FACIE TORT

277. Defendants, individually and/or collectively, jointly and/or severally, acted outrageously and beyond the bounds of decency in violating the civil rights and liberty interests of the Plaintiff John Lepper causing him to suffer pain, shame, humiliation and anguish.

278. The reprehensible, extreme and outrageous conduct of the Defendants, jointly and severally, individually and collectively, against Plaintiff occurred with intent and full knowledge that their conduct would cause severe and extreme emotional and psychological harm to the Plaintiff.

## INJURIES AND DAMAGES

279. As a direct and proximate result of the wrongful actions and inappropriate lack of action by the Defendants, jointly and severally, individually and collectively, Plaintiff John Lepper

has suffered injury and damages, emotional and psychological harm, emotional injury, distress and pain, and incurred significant cost and expenses, including but not limited to legal fees, loss of good name and standing in the community, public stigma, personal humiliation, social degradation, and other costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Lepper seeks judgment of this honorable Court:

DECLARING that Defendants jointly and severally, individually and collectively, maliciously prosecuted Plaintiff John Lepper for allegedly violating Village of Babylon Code § 365–26.

DECLARING that the prosecution of John Lepper for allegedly violating Village of Babylon Code § 365–26 was malicious

DECLARING that the prosecution of John Lepper for violating Village of Babylon Code Section 365–26 as detailed above was malicious and a prosecution for which the Defendant Village of Babylon Prosecutor maintained a financial interest for pursing;

DECLARING that multiple fines, duplicative and daily fines, sought to be imposed under Village of Babylon Code § 365–26 as unconstitutional and violate the Plaintiff's rights under the Fourteenth and Eighth Amendments to the United States Constitution;

DECLARING that multiple fines, duplicative and daily fines, sought to be imposed under Village of Babylon Code § 365–26 unconstitutional and unenforceable as unconstitutionally excessive;

DECLARING that Plaintiff John Lepper is a proper representative of the resident taxpayers of the Incorporated Village of Babylon for the purposes of this action.

59

DECLARING that the expenditure of Village funds to defend the late Mayor, the village trustees, and other village officials in this action is an improper and unlawful expenditure of Village funds.

PROHIBITING the Village of Babylon from issuing further accusatory instruments against Plaintiff charging violations of Village of Babylon Code § 365–26 for the existence of the Lepper family treehouse;

PROHIBITING the Village of Babylon from issuing accusatory instruments against other treehouses or children's play structures less than 90 square feet in floor area located within the Village of Babylon;

PROHIBITING Defendant Incorporated Village of Babylon from paying any further monies from Village funds for the payment of legal fees any attorney engaged in the personal defense of any of the individual named Defendants in this action;

APPOINTING a federal monitor to observe, monitor, and retrain the Defendants in order to assure that jointly and severally, individually and collectively, said Defendants refrain from violating the civil and Constitutional rights of the Plaintiff and all the other residents of the Incorporated Village of Babylon;

DIRECTING Defendant Incorporated Village of Babylon to immediately seek reimbursement of any and all monies paid from Village funds to any attorney for representing any of the individual named Defendants in this litigation acting as a private individual or exercising the powers of elected office;

DIRECTING restitution to the Plaintiff and all the other residents of the Incorporated Village of Babylon of all the monies expended by or on behalf of the Village in prosecuting the Plaintiff for allegedly violating Village of Babylon Code § 365–26 by erecting a treehouse to be used as a playhouse for his infant children;

AWARDING Plaintiff compensatory, general, and punitive damages, costs, disbursements, and attorneys' fees from the Defendants.

All together with such other and further relief as to this Court shall deem just and proper.

DATED AT   Melville, New York
            March 4, 2021

                                        _____
                                        CORY H. MORRIS (CM 5225)
                                        THE LAW OFFICES OF CORY H. MORRIS
                                        *Attorney for the Plaintiff*
                                        135 Pinelawn Road, Suite 250s
                                        Melville NY 11747
                                        Phone:  (631) 450–2515
                                        FAX:  (631) 223–7377
                                        Email:  Cory.H.Morris@protonmail.com

                                        VICTOR JOHN YANNACONE, JR., (VY6405)
                                        *of counsel*
                                        Phone:  (631) 475–0231
                                        Email  barrister@yannalaw.com

To:   ERIC TOSCA, Esq.
      KELLY RODE AND KELLY
      *Attorneys for the Defendants*
      330 Old Country Road
      Mineola, NY 11580

      GERARD GLASS, Esq.
      *Babylon Village Attorney*
      153 West Main Street
      Babylon, New York 11702

# VERIFICATION

State of New York
County of Suffolk    } *ss:*

CORY H. MORRIS duly affirming as an attorney admitted to
practice in the State of New York, deposes and says that he is the
attorney for the Plaintiffs in the within action and that he has read
the foregoing amended complaint and that the allegations of fact
contained therein are true except as to those portions therein
stated to be alleged upon information and belief, and as to those
allegations he believes them to be true all based upon statements
of the Plaintiffs and materials in  his file.

CORY H. MORRIS

Affirmed on this fourth
day of March 2021