# EXHIBIT "1"

John D. Kelly (1921-2000)
John Kenneth Rode (retired 2003)
Shawn P. Kelly
George J. Wilson
Loris Zeppieri
Kevin E. Way
Edward J. Kelly
Peter D. Garone
Brian M. Dunphy
Hilary M. Wissemann
Anita A. Ajiboye
Christopher M. Abiuso
Mahe-noor Baig
Evan J. Becker
Emma E. Browning
Jessica A. Crimi
Samantha L. DeSousa
Evan B. Feuerstein
Shannon E. Fillmore
Brian P. Flynn
Marili D. Gelardi
Christine M. Gibbons
Jerel T. Greenidge

**Kelly, Rode & Kelly, LLP**
Counsellors at Law
330 Old Country Road
Suite 305
Mineola, New York 11501
Tel. 516-739-0400 Fax 516-739-0434
Email info@krklaw.com
218 Griffing Avenue
Riverhead, New York 11904
ESTABLISHED IN 1956

Christina M. Gutierrez
Andrew D. Hallerman
Louis B. Imbroto
Karena K. Ioannou
Mary J. Joseph
Gunjan Kishore
Stephen F. Kusnetz
Rachel M. Mahoney
Laurence G. McDonnell
Patrick J. McGrath
John S. Meade IV
Ashley M. Pappas
Christopher J. Pedraita
Jennifer Prusiecki
Shikha M. Pursnani
Debra E. Ruderman
Tamir Saland
Steve K.F. Scott
Brian L. Smith
Eric P. Tosca

Firm Administrator
Thomas G. Schumm

December 17, 2020

Honorable Joan M. Azrack, U.S.D.J.
United States District Court: Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

         Re: Lepper v. Village of Babylon, et al.
            Case No.: 2:18-CV-07011
            Our File No.: PDG/EPT 148530-752

Dear Honorable Judge Azrack:

  Defendants write to update this Honorable Court on the status of discovery in the above matter as directed by Your Honor's status order of December 11, 2020.

  Counsel for Plaintiffs and Defendants have met and conferred regarding discovery on two separate occasions: December 15 and 16, 2020. The parties were unable to come to an agreement regarding the status of discovery in this matter. The parties agreed to write separate letters regarding the status of discovery. To resolve outstanding discovery, the Defendants request a conference before this Honorable Court.

  Initial disclosures from the parties have been exchanged, except an updated computation of damages and copies of legal bills and other documents regarding expenses claimed in this action. If medical treatment is being claimed, authorizations for the providers' records are demanded.

The plaintiffs had left open the Rule 26 disclosure on damages pending completion of discovery and we are seeking a final computation of damages. We also submit that this is an appropriate time to exchange contention interrogatories.

On December 15 and 16, 2020, the parties had discussed the exchange of expert reports. We had expected plaintiffs to provide an expert exchange of the engineer who prepared a statement that he found the tree house to be safe for the purposes of the agreement regarding the stay of the use of the tree house and the enforcement of the Code pending this litigation when the matter was presided by Judge Bianco. For the first time on December 15, we learned that plaintiffs would only seek to call Mr. Brown as a fact witness and will not seek to introduce him as an expert witness. Since the plaintiffs represent that they will have no expert exchange, we had requested thirty days to provide our exchange. Plaintiffs suggested January 5, 2021 instead, to which we agreed, but we requested expert depositions including Mr. Brown that plaintiffs identified as a fact witness.

Deferring for now whether plaintiff's witness Mr. Brown can appropriately be called as a fact witness when he has rendered opinion in this case in his capacity as an expert, we submit that we are entitled to his testimony to ascertain what he observed and what information he will provide as a fact witness since plaintiffs do not intend to employ his services as an expert witness.

Defendants have requested the videos that plaintiffs' counsel took of defendants during their depositions and the videos that were taken at the site inspection conducted on August 31, 2020. A video was also taken by plaintiffs' counsel of an inspection of a hypodermic needle that Mr. Lepper contends he found on or near his property. We request a copy of that video as well.

As to our expert exchange, after six court orders, the Defendants were finally given access to the tree house for examination by their expert Joseph Danatzko, P.E. During the inspection, Mr. Danatzko noted immediate safety hazards regarding the tree house, prompting Defendants to make application before Your Honor seeking to have the tree house removed. Mr. Danatzko provided a detailed affidavit regarding pressing safety concerns about the tree house.

We are prepared to go forward with expert discovery. We note that expert discovery was delayed due to plaintiffs' denying access for review of the tree house. Plaintiffs' counsel represents now that he will not use the services of any expert. We do intend to employ the services of an expert in the defense of the multiple claims.

Defendants have done their best to move forward with discovery in this litigation despite several roadblocks from plaintiffs that have been documented in prior applications to this Honorable Court. We look forward to discussing this matter further with this Honorable Court.

Respectfully submitted,

KELLY, RODE & KELLY, LLP

BY: _____*Eric P. Tosca*_____
Eric P. Tosca